Floyd A. DAVIS, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15198.

Court of Criminal Appeals of Oklahoma.

April 1, 1970.

Jay D. Dalton, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Floyd A. Davis, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the crime of Robbery with Firearms, was sentenced to serve fifty years in the state penitentiary, and appeals.

Although there are two assignments of error urged on appeal, it will only be necessary to consider defendant's assignment that the trial court committed reversible error in refusing to allow the defendant to cross-examine the State's witnesses concerning the circumstances surrounding the identification of defendant's photograph prior to the defendant's arrest and trial. Briefly stated, the facts adduced on the Evidentiary Hearing, outside the presence of the jury, disclosed that two of the State's witnesses had identified the defendant from photographs shown them by police officers and later identified him in a lineup. At the conclusion of said hearing, the trial court ruled that these witnesses could testify to an in-court identification of the defendant, finding as he did so, that such identification was based on a source independent of the photographs and lineup identifications. Accordingly, in the presence of the jury, these witnesses identified the defendant as the holdup man, but when counsel for the defendant attempted to cross-examine these witnesses with reference to the pre-trial identifications, the trial court sustained an objection to the cross-examination questions.

The State, while conceding that the court should have permitted the defendant to cross-examine relative to the pre-trial identifications, argues that under the particular circumstances of the instant case, the court's error in failing to permit it was harmless error. The State further requests that this Court lay down rules for the guidance of the trial courts in future cases.

We observe that we have repeatedly held and reiterate in this opinion, that it is error for the State to introduce into evidence, in the presence of the jury,

the facts and circumstances surrounding a pre-trial identification of the defendant. We further observe that in the event the defendant raises a timely objection to the courtroom identification of the defendant for the reason that it is based on a pre-trial identification by photograph or line-up conducted in a manner contrary to the rules enunciated in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, the trial court should conduct a hearing outside the presence of the jury and determine if the pre-trial identification procedure was conducted in accordance with the rule enunciated in United States v. Wade, supra.[1] In the event that the pre-trial identification was not conducted in accordance with *Wade,* but it is established that the in-court identification can be made from an independent source, then the trial court should permit the State to present the in-court identification.

While we have heretofore stated the State may not refer to the pre-trial identification of the defendant as a part of its case in chief, the "defense may, as a matter of trial tactics, decide to bring out the pre-trial confrontation itself, hoping it can thus distract from the weight the jury might otherwise accord the in-court identification." See Clemmons v. United States, 408 F.2d 1230.

It is readily apparent, in the light of *Simmons,* that the defendant should be allowed to cross-examine witnesses relative to the pre-trial identification of the defendant whether by photograph or line-up. In *Simmons,* the court stated, in pertinent part:

" * * * the danger that use of the technique may result in convictions based on misidentification may be substantially lessened *by a course of cross-examination at trial which exposes to the jury* the

method's potential for error." [Emphasis added.]

In the instant case it is clear that the court failed to allow the defendant to cross-examine the State's witnesses concerning facts and circumstances which had a direct relationship to the courtroom identification of the defendant. Since the weight and credibility to be given the testimony of the witnesses making courtroom identifications is a matter for the jury's determination, a refusal of the court to allow such cross-examination constitutes error so fundamental as to require reversal.

For the reasons above set forth, the judgment and sentence is reversed and remanded for a new trial, consistent with this opinion. Reversed and remanded for a new trial.

BRETT, P. J., and NIX, J., concur.

---

1. Suggestions were made in Thompson v. State, Okl.Cr., 438 P.2d 287, rendered by this Court subsequent to the *Wade* decision which lay down guidelines for trial courts in applying *Wade.*