Dewey Earl JERNIGAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15764.

Court of Criminal Appeals of Oklahoma.

May 26, 1971.

Rehearing Denied June 18, 1971.

Jay Dalton, Tulsa, Okl., for plaintiff in error.

Larry Derryberry, Atty. Gen., Gary M. Bush, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in erorr, Dewey Earl Jernigan, hereinafter referred to as defendant, was convicted and sentenced to a term of 15 to 45 years by jury verdict for Robbery with Firearms in the District Court of Tulsa County, Oklahoma, Case No. CRF–69–1459. Judgment and sentence in accordance with the verdict was imposed on December 19, 1969, and this appeal perfected therefrom.

Briefly stated, the evidence establishes that on September 4, 1969, at approximately 10:30 P. M., a U-Tote-M Grocery Store in Tulsa County was robbed by a lone man armed with a gun. At the time Mr. Francis S. Elder, who operated the store, was mopping the floor, while his wife, Vivian Elder, a part time employee, was working behind the cash register. The robber entered the store holding a white cloth to his

nose, as if he had a nose bleed. He pulled a gun on Mr. Elder and told Mrs. Elder it was a hold-up. Mrs. Elder took $132.00 from the register, put it in a sack, and gave it to the robber who left the store threatening Mr. Elder not to follow him. The police were notified and a description given. Shortly thereafter an officer saw an Oldsmobile traveling at a high rate of speed away from the scene driven by a man resembling the description. Later officers arrested defendant, who matched the description, at the Playboy Lounge in front of which was parked the defendant's Oldsmobile next to a Chrysler in which was found a light colored trench coat similar to the one worn by the robber. The Elders identified defendant as the robber.

Defendant presented four witnesses who testified defendant was inside the Lounge at the time of the robbery.

■ It is defendant's first contention that the trial court committed error in overruling defendant's demurrer to the state's evidence because the arrest was illegal and the trench coat illegally seized. We are not persuaded the arrest was illegal. Title 22, O.S.1961, § 196, authorizes an officer to arrest without a warrant when a felony has been committed and the officer has reasonable cause for believing the person arrested to have committed it. The arresting officers knew a felony was committed; had been given a good general description of the robber; knew defendant was seen driving away from the scene in his Oldsmobile; found defendant's Oldsmobile, the motor of which was still warm, in front of the lounge; and found defendant inside the lounge. This was sufficient to constitute "reasonable cause" to believe defendant committed the crime and therefore supported the arrest.

■ However, even if the arrest was not justified or legal, it does not affect the jurisdiction of the court, nor is it a ground for questioning the information; and it does not preclude trial of the accused. Harrison v. State, Okl.Cr., 461 P.2d 1007; Walters v. State, Okl.Cr., 403 P.2d 267.

■ As to the seizure of the trench coat from the car parked next to defendant's Oldsmobile, it should be remembered that it is the owner of that car who has standing to assert the privilege against unreasonable searches where defendant was neither the owner or occupant. Wafers v. State, Okl.Cr., 444 P.2d 825; Kyle v. State, Okl.Cr., 366 P.2d 961. But further defendant has no standing to raise this issue on appeal since there was no objection at the trial to the introduction of the coat. Wafers v. State, supra.

We, therefore, conclude the trial court did not err in overruling defendant's demurrer to the state's evidence.

Defendant's next contention concerns the more serious issues arising from the identification of the defendant at a pre-trial line-up. While Mr. Elder was testifying during the state's case in chief, defense counsel requested a hearing outside of the jury's hearing on the identification. An in camera hearing was then held during which Mr. & Mrs. Elder testified as to the circumstances of a police station line-up held two hours after the robbery in which they each picked out defendant during separate viewings. Defense counsel then said: "I realize that questioning of the line-up would be fruitless." The jury was called back and Mr. Elder continued to testify and under questioning by the prosecutor related the minute details of the line-up. Mr. Elder then identified defendant in the courtroom as the robber and further testified he had previously identified defendant at the preliminary hearing as the robber. Mrs. Elder likewise related details of the line-up where she picked out defendant, and identified defendant in the courtroom as the robber.

■ In Thompson v. State, Okl.Cr., 438 P.2d 287 (1968), this Court acknowledged the requirements of the United States Supreme Court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967), concerning all pre-trial line-ups after June 12, 1967, and set forth the guidelines for such line-ups. Under

these same cases it is mandatory for the trial court to hear evidence outside the jury's hearing on whether a pre-trial line-up absent counsel renders an in-court identification inadmissible. This procedure was followed in the instant case and we are persuaded the evidence presented outside the jury's hearing permitted an in-court identification by the witnesses having satisfied the test that "the in-court identification of the defendant had an 'independent source' come at by 'means sufficiently distinguishable to be purged of the primary taint' of the pre-trial exhibition and identification absent counsel." Stewart v. State, Okl.Cr., 458 P.2d 646, at 649 (1969). Accordingly, we find no violation of United States v. Wade, supra.

■ However, long before the *Wade* decision it was the rule of this Court that "it is error for the State to introduce into evidence, in the presence of the jury, the facts and circumstances surrounding a pre-trial identification of the defendant." Davis v. State, Okl.Cr., 467 P.2d 521, at 523 (1970). Testimony brought out by the prosecution in chief of an extra-judicial identification or pre-trial line-up identification of defendant is inadmissible and constitutes reversible error. Gillespie v. State, Okl.Cr., 355 P.2d 451; Cothrum v. State, Okl.Cr., 379 P.2d 860. In the instant case, the prosecutor elicited from both Mr. & Mrs. Elder the pre-trial line-up identification of defendant as well as their in-court identification of defendant as the robber. This was error notwithstanding the non-jury hearing concerning the line-up. Such a hearing under *Wade* and *Thompson* is to enable the trial court to rule on whether the witness may be allowed to identify the defendant in court before the jury; that is, whether the in-court identification is admissible or would be so tainted by a prejudicial pre-trial exhibition as to be inadmissible. Such a ruling and hearing have no bearing on the prohibition against the state presenting evidence in court before the jury as to any extrajudicial identification or pretrial exhibition of defendant and such evidence would still be inadmissible by the state in chief.

■ However, in the instant case, defendant entered no objection when the prosecutor elicited the testimony from Mr. & Mrs. Elder before the jury concerning the line-up. Nor does he raise this issue on appeal. If the trial court allowed such evidence over defense counsel's objection, reversal would be required, but the error is waived without a timely objection. In Gillespie v. State, supra, we held:

> "Failure of the defendant to object to the introduction of testimony and lengthy cross-examination relative to an extra-judicial identification may take the same out of the category of reversible error. * * *" 355 P.2d at 452.

Since defendant did not object and since the evidence shows the line-up, although absent counsel, was fair and not inherently prejudicial, we conclude that reversal is not required. The same occurrence under less fair circumstances might well require reversal.

It is defendant's final contention that the sentence is excessive, given under passion and prejudice resulting from the testimony of a rebuttal witness who stated he was a guard for the defendant. In rebuttal the state called Norman Lemons, a deputy sheriff, who testified that he was assigned as "a guard for the defendant" during which time defendant stated he had lost 45 pounds since he had been in jail. The purpose of this testimony apparently went to the question of identity and description.

■ We find no merit to defendant's argument that the witness stating he guarded defendant was unduly prejudicial or self-incriminating. This is quite a different situation than when the defendant is seen shackled in the courtroom or behind bars in a jail. See, French v. State, Okl. Cr., 416 P.2d 171; Moore v. State, Okl.Cr., 430 P.2d 340. This is not to say that the testimony of an accused's guard might not be so prejudicial as to constitute error. But in this case, the testimony was not inherently prejudicial and was material.

Furthermore, the sentence being well within the limits provided by 21 O.S.1961, § 801, which carries the death penalty, does not appear an excessive term.

For the foregoing reasons, the judgment and sentence is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.