492 P.2d 983

**STATE of Utah, Plaintiff and Respondent,**

v.

**Larry Robert JIRON, Defendant and Appellant.**

**No. 12337.**

Supreme Court of Utah.

Jan. 13, 1972.

James N. Barber, Salt Lake City, for appellant.

**22**

Vernon B. Romney, Atty. Gen., David S. Young, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Chief Justice:

Defendant appeals from his conviction, upon a jury verdict, of the crime of robbery. Ray Rambo, an attendant in a Standard Oil Service Station in Salt Lake City, was robbed by a man, wielding a gun, at approximately 10:45 p. m. on September 21, 1969. Defendant was arrested on October 10, 1969, and subsequently tried and convicted.

At the trial, Mr. Rambo positively identified the defendant. He further testified, during the course of his direct examination, that on the night of the incident he selected defendant's photograph from a group presented by the police. Defense counsel asserted an objection, citing the testimony as irrelevant and self-serving. The court stated that it didn't see the relevancy, and the matter was not pursued. Thereafter, Officer Stagg testified that on the night of the crime, after receiving a description of the robber from the victim, he showed Mr. Rambo 10 or 12 photographs. Defense counsel, again, asserted the same objection, which the trial court overruled. Officer Stagg testified that the victim immediately selected the picture of defendant.

On appeal, defendant asserts that the trial court committed prejudicial error by permitting the admission of testimony of an extra-judicial identification. Defendant urges that such evidence is hearsay and provides a means whereby a witness can bolster his own testimony by additional self-serving evidence.

In State v. Owens,[1] this court held that the testimony of a witness as to his extra-judicial identification of a defendant was admissible. In the Owens case, this court cited as authority to sustain this ruling People v. Gould;[2] the court therein stated:

Evidence of an extra-judicial identification is admissible, not only to corroborate an identification made at the trial [citation], but as independent evidence of identity. Unlike other testimony that cannot be corroborated by proof of prior consistent statements unless it is first impeached [citations], evidence of an extra-judicial identification is admitted regardless of whether the testimonial identification is impeached, because the earlier identification has greater probative value than an identification made in the courtroom after the suggestions of others and the circumstances of the trial may have intervened to create a fancied recognition in the witness' mind. [citations] . . . The extra-judicial

1. 15 Utah 2d 123, 125, 388 P.2d 797 (1964).

2. 54 Cal.2d 621, 7 Cal.Rptr. 273, 275, 354 P.2d 865, 867 (1960).

identification tends to connect the defendant with the crime, and the principal danger of admitting hearsay evidence is not present since the witness is available at the trial for cross-examination [citations].[3]

Defendant further contends that the trial court erred in its denial of his motion for a new trial upon the ground of newly discovered evidence, Section 77–38–3(7), U.C.A.1953.

. . . Newly discovered evidence, to be a ground for a new trial, must fulfill the following requirements: (1) It must be such as could not with reasonable diligence have been discovered and produced at the trial; (2) it must not be merely cumulative; (3) it must be such as to render a different result probable on the retrial of the case. . . .[4]

■■ The determination of whether to grant a motion for a new trial on the ground of newly discovered evidence is a matter solely within the discretion of the trial court. This court cannot substitute its discretion for that of the trial court, whose rulings will be sustained unless it is clearly indicated that it abused or failed to exercise its discretion.[5] This court will deem the denial of such a motion an abuse of discretion only in such instances where there is a grave suspicion that justice may have been miscarried because of the lack of enlightenment on a vital point, which the new evidence will supply; and the other elements attendant on obtaining a new trial on the ground of newly discovered evidence are present.[6] If there be evidence before the court upon which reasonable men might differ as to whether or not the defendant is guilty, the trial court may deny a motion for a new trial.[7]

■ In the instant action, defendant testified at his trial and vigorously denied his involvement in the crime. He stated that he had no specific recollection of the night in question; but, since it was a Sunday evening and he had a habit of going to the Stardust Lounge on Sundays, he was probably at this location. The newly discovered evidence was an affidavit from defendant's wife, who currently resides in Denver, Colorado, and claims that by that fact she was unavailable to testify or aid her husband in reconstructing the events of September 21, 1969. She states that since

3. Also see IV Wigmore on Evidence (3d Ed.) Sec. 1130, pp. 208, 210.

4. State v. Gellatly, 22 Utah 2d 149, 153, 449 P.2d 993, 995, 996 (1969).

5. State v. Cooper, 114 Utah 531, 543, 201 P.2d 764 (1949).

6. State v. Duncan, 102 Utah 449, 457, 132 P.2d 121 (1942).

7. State v. Penderville, 2 Utah 2d 281, 286, 272 P.2d 195 (1954).

**24**

her husband's conviction, she has reconstructed the events that occurred that Sunday and that defendant was in her presence from 8:30 p. m. until 1:00 a. m. of the following day. She recites in detail their movements and includes a statement that her husband's car was reported stolen to the police. Included in the affidavit was a statement that defendant and his wife had been informally separated since November 20, 1968, but that from that time until January of 1970, they had periodically attempted to effect a reconciliation and live together. Thus the affidavit reveals that defendant's wife was in close contact with him for several months after his arrest in early October, 1969; during this period, if defendant had exercised reasonable diligence, he could have discovered the facts he currently characterizes as newly discovered evidence. The wife's testimony is merely cumulative to defendant's; he was not present at the station on the night of the crime. Finally, the facts recited in the affidavit are not of the type that would indicate the probability of a different result upon the retrial of the case. From the foregoing there is an insufficient basis upon which to predicate a determination that the trial court abused its discretion.

The judgment of the trial court is affirmed.

TUCKETT, ELLETT, HENRIOD, and CROCKETT, JJ., concur.