**Herbert D. HILL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17201.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1972.

Rehearing Denied Sept. 13, 1972.

Leslie D. Page, Ponca City, for appellant.

Larry Derryberry, Atty. Gen., Ralph C. Haynes, Dist. Atty., for appellee.

BRETT, Judge:

This is an appeal granted by Order dated January 5, 1972, in Case No. A–16,813, upon petition for post conviction relief claiming the denial of the right to appeal a conviction through failure of counsel to timely perfect an appeal. 22 O.S.1971, § 1080 et seq. Order of the District Court denying relief is hereby affirmed.

Appellant, Herbert D. Hill, hereinafter referred to as defendant, was convicted by jury verdict in the District Court of Kay County, Case No. 4578, of grand larceny and sentenced to four (4) years imprisonment. Judgment and sentence was imposed on May 16, 1969.

The conviction concerned the theft of money from the cash drawer of Miller's Market in Ponca City. At the trial before the jury, the state in chief elicited from three witnesses, who identified defendant as the perpetrator of the crime, that they had seen defendant, subsequent to the crime, at the Blackwell Police Station where he was held. Charles Allen Gall, David Dagg, and David Petree each testified they were brought to the Blackwell Police Station where they saw and identified defendant. Officer E. J. Neely testified that he brought the three witnesses to the Blackwell Police Station to view defendant who was sitting in a chair when viewed by the witnesses, and volunteered that there was not time to stage a full line-up.

The transcript of testimony as designated by defense counsel for appeal, was filed with the petition herein seeking reversal of the district court's denial of post conviction relief. It appears that appellant's main contention of error lies in the identification made of him while he sat in the Blackwell Police Station. We have reviewed the designated transcript of testimony as fully as though this were the regular appeal, and find defendant's contention falls within the recent decision of the

United States Supreme Court in Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L. Ed.2d 411 (1972), in which the United States Supreme Court affirmed Kirby's conviction.

In the Kirby case he and another man were arrested and taken to the police station. They had in their possession traveler's checks and a social security card, all bearing the name of Willie Shard. Shard was brought to the police station and immediately upon entering the room where Kirby and the other man were seated at a table, Shard positively identified them as the men who had robbed him two days earlier. The Illinois Supreme Court had affirmed the conviction, holding that admission of Shard's testimony was not error. That position was left undisturbed by the Honorable United States Supreme Court.[1]

Therefore, insofar as the facts complained of in defendant's matter are almost identical to those found in Kirby v. Illinois, supra, we feel compelled to affirm the order entered by the District Court of Kay County, denying defendant's post conviction application. Also, insofar as this matter has been given treatment equal to that it would receive on an appeal, and the transcript of testimony has been fully reviewed, considering defendant's complaints, it would serve no purpose to order the appeal out-of-time.

We therefore hold, under these circumstances, that defendant has not been denied his right to appeal; that his complaints have been fully considered and found to be without merit in view of the foregoing decision in Kirby v. Illinois, supra; and the district court order denying relief is hereby affirmed.

With reference to defendant's complaint concerning the prosecutor's closing argument, the record does not contain that portion of the trial and cannot be considered. We observe also that defendant answered question four on Part B of the application: "How do you think you can know [sic]

[now] prove the facts you have stated in answer to Question 2 above?" [Answer] "By presentation of the transcript of this case to the Court of Criminal Appeals of the State of Oklahoma." That transcript has been considered and defendant's contentions are found to be without merit.

BUSSEY, P. J., concurs in result.

SIMMS, J., specially concurring.

SIMMS, Judge (special concurring opinion):

The primary thrust of Kirby v. Illinois, supra, cited by Judge Brett in his opinion, is that an accused's constitutional right to counsel does not attach during pre-indictment proceedings, and defendant Kirby was not, therefore, entitled to counsel during a pre-indictment line-up identification.

It is my understanding that defendant Hill's principal assertion of error is that the State, during its case in chief, introduced evidence of an extra-judicial identification of defendant over objection.

In this connection, referring again to Kirby v. Illinois, supra, the victim of the robbery, Shard, testified during trial of his identification of Kirby at the police station, prior to there being any indictment filed. The Illinois Supreme Court affirmed the conviction holding the admission of this testimony was not error. This finding was left undisturbed by the United States Supreme Court, as Judge Brett points out.

In Oklahoma, it has been well established that:

"It is error for the State to introduce into evidence, in the presence of the jury, the facts and circumstances surrounding a pre-trial identification of the defendant."

Davis v. State, Okl.Cr., 467 P.2d 521, 522 (1970). Testimony brought out by the prosecution in chief of an extra-judicial identification or pre-trial line-up identifica-

---

1. For report of Illinois Supreme Court decision, see: People v. Kirby, 121 Ill.App.2d 323, 257 N.E.2d 589.

tion of defendant is inadmissible and constitutes reversible error. Gillespie v. State, Okl.Cr., 355 P.2d 451 (1960); Cothrum v. State, Okl.Cr., 379 P.2d 860 (1963). This is error notwithstanding a non-jury hearing concerning the validity of a line-up required by United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Jernigan v. State, Okl.Cr., 485 P.2d 778, 781 (1971).

In *Cothrum*, supra, Judge Nix, recognized that Oklahoma was in the minority with regard to the admissibility of extra-judicial identification evidence. Judge Nix also pointed out both the state and the defendant, in *Cothrum*, urged Oklahoma adoption of the majority position:

"When identification of any person is in issue, a witness who has on previous occasion identified such person may testify to such previous identifications."

█ Initially, we feel most strongly that testimony of a victim concerning a pre-trial identification is not only material, but most competent for corroboration. It has been recognized that prior identification of an accused is more reliable than a later courtroom identification for the reason that it is closer to the crime in point of time, thus affording less opportunity for fading or deterioration of the victim's memory or changes in the accused's appearance.

Further, it cannot be said that the defendant would be precluded from showing, or proving, that the victim was unable to identify the defendant as the perpetrator at some previous trial confrontation, therefore, the state should have the same opportunity. The sword, if you will, of prior extra-judicial identification must cut both ways.

█ This is not to say the entire gamut of extra-judicial identification activity is open and available to the prosecution. In our view, competent original testimony of the identifier, AFTER, and only after, the in-court identification has been made in such fashion as to satisfy the requirements of *Wade* and Thompson v. State, Okl.Cr.,

438 P.2d 287, would include testimony to the effect that the identifier at a particular day, place, and time or times, had occasion to see, recognize and identify the defendant as the person who committed the crime.

Such testimony should not include all of the minute details and possible prejudicial circumstances under which the identification was made. This matter is reserved for cross-examination, the pre-identification evidentiary hearing and rebuttal. Such testimony should also, as we indicated above, be limited to the identifier and should not be extended to any third persons present at the identification. The testimony of third persons again should be relegated to rebuttal and evidentiary hearing status.

What we feel is the better and most acceptable view with regard to such identification testimony is that set out in People v. Gould, 54 Cal.2d 611, 7 Cal.Rptr. 273, 354 P.2d 865 (1960) wherein Justice Traynor wrote for a unanimous Court:

"Evidence of an extra-judicial identification is admissible, not only to corroborate an identification made at the trial [citation omitted], but as independent evidence of identity. Unlike other testimony that cannot be corroborated by proof of prior consistent statements unless it is first impeached [citations omitted], evidence of an extra-judicial identification is admitted regardless of whether the testimonial identification is impeached, because the earlier identification has greater probative value than an identification made in the courtroom after the suggestions of others and the circumstances of the trial may have intervened to create a fancied recognition in the witness' mind. [citations omitted] The failure of the witness to repeat the extra-judicial identification in court does not destroy its probative value, for such failure may be explained by loss of memory or other circumstances. The extra-judicial identification tends to connect the defendant with the crime, and·

the principal danger of admitting hearsay evidence is not present since the witness is available at the trial for cross-examination. [citations omitted]."

The *Gould* rationale is still being followed (State v. Jiron, 27 Utah 2d 21, 492 P.2d 983 [1972]), and has never been overruled. The same, or similar, reasoning has been applied by Federal Courts and has been made the subject of statute elsewhere. See Clemons v. United States, 133 U.S. App.D.C. 27, 408 F.2d 1230 (1968) and N. Y.Code Crim.Proc., § 393–b.

For the reasons herein stated, we would affirm the findings of the trial court on Post-Conviction Appeal, and further, insofar as they are inconsistent with this opinion, would overrule *Davis, Gillespie, Cothrum,* and *Jernigan,* supra.

BUSSEY, Presiding Judge.

I concur in the results of Judge Brett's opinion for the reasons stated in Judge Simms' Special Concurrence, and agree that insofar as Davis v. State, Okl.Cr., 467 P.2d 521; Gillespie v. State, Okl.Cr., 355 P.2d 451; Cothrum v. State, Okl.Cr., 379 P.2d 860; and Jernigan v. State, Okl.Cr., 485 P.2d 778, are inconsistent with this opinion, they are expressly overruled.