Larry L. TOWNING, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–73–269.

Court of Criminal Appeals of Oklahoma.

April 8, 1974.

Thomas A. Wallace, Sapulpa, for appellant.

Larry Derryberry, Atty. Gen., Kenneth L. Delashaw, Jr., Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

The appellant, Larry L. Towning, hereinafter referred to as defendant, was charged, tried and convicted of the crime of Robbery With Firearms, in Case No. 6175–C, in the District Court, Creek County. His punishment was fixed at a term of five (5) years imprisonment in accordance with the verdict of the jury. This is an appeal out of time granted pursuant to an order of the District Court, Creek County, upon defendant's application for post conviction relief.

The nature of the assignments of error on this appeal make a detailed statement of the facts adduced at trial unnecessary. It is enough to say that the evidence against the defendant was sufficient to support the jury's verdict of guilty.

The defendant's first proposition urges that he was denied the right to have an attorney present at a pretrial lineup and that the court erred in not conducting an evidentiary hearing out of the presence of the jury to determine the admissibility of the in-court identification. We note first that the record reveals that the defendant was represented by counsel at the date of the pretrial lineup and that a State's witness testified without contradiction at trial that defendant's counsel was present during the lineup. Further, even if defendant had been denied counsel at the pretrial lineup, the defendant waived his right to

raise the admissibility of the in-court identification based upon a defective lineup by not properly preserving the matter for review. The transcript of the proceedings at trial reveals that the testimony of the identifying witness was admitted without objection by the defendant; the record does not reflect that the defendant at any time prior to or during the course of the trial requested evidentiary hearing on the matter. The defendant's right to have a hearing conducted outside the presence of the jury on the question of the pretrial identification procedure is dependent upon his raising a timely objection to the in-court identification of the defendant. See Anthamatten v. State, Okl.Cr., 506 P.2d 959 (1973) citing Davis v. State, Okl.Cr., 467 P.2d 521 (1970). For that reason, defendant's first proposition is without merit.

In his second proposition, the defendant contends that the court below erred in admitting testimony by Gracie Sellers, the identifying witness, and Arthur Fryer, the police officer who conducted the pretrial lineup, which informed the jury in some detail of the facts and circumstances surrounding the pretrial lineup wherein Mrs. Sellers identified the defendant as the man who had committed the robbery.

Prior to the case of Hill v. State, Okl. Cr., 500 P.2d 1075 (1972), it was well established in Oklahoma that it constitutes reversible error for the State to introduce into evidence, in the presence of the jury, the facts and circumstances surrounding pretrial identification of the defendant. Testimony brought out by the prosecution in chief of an extra-judicial identification or pretrial lineup identification, is inadmissible and may constitute reversible error. Gillespie v. State, Okl.Cr., 355 P.2d 451 (1960); Cothrum v. State, Okl.Cr., 379 P. 2d 860 (1963); See Davis v. State, Okl. Cr., 467 P.2d 521, 522 (1970); Jernigan v. State, Okl.Cr., 485 P.2d 778 (1971).

■ Hill v. State, supra, overruled the above line of authority to the extent that those cases made inadmissible "competent original testimony of the identifier, AFT-

ER, and only after, the in-court identification has been made in such fashion as to satisfy the requirements of *Wade* and Thompson v. State, Okl.Cr., 438 P.2d 287 [which] would include testimony to the effect that the identifier at a particular day, place, and time or times, had occasion to see, recognize and identify the defendant as the person who committed the crime." Hill v. State, id., 500 P.2d at 1078 (opinion of Judge Simms, specially concurring in which Judge Bussey concurs) [emphasis original]. The Simms opinion made clear, however, that:

> "Such testimony should not include all of the minute details and possible prejudicial circumstances under which the identification was made. This matter is reserved for cross-examination, the pre-identification evidentiary hearing and rebuttal. Such testimony should also, as we indicated above, be limited to the identifier and should not be extended to any third persons at the identification. The testimony of third persons again should be relegated to rebuttal and evidentiary hearing status." id. at 1078.

■■ The testimony of the police officer, Arthur L. Fryer, as to the surrounding facts and circumstances of the pretrial lineup, contravenes the above rule that testimony concerning a pretrial identification must be limited to that of the identifying witness and should not be extended to any third person present at the identification. Nonetheless, the record reflects that the defendant failed to timely object to the prosecution questions put to Fryer concerning the circumstances surrounding the lineup. It is our opinion that in the absence of an objection to such testimony, its admission does not constitute reversible error. See Gillespie v. State, Okl.Cr., 355 P.2d 451, 455 (1960).

■ Defendant's final proposition, that he was denied his constitutional right to be prosecuted by grand jury indictment, is wholly frivolous. There is, in this jurisdiction, no requirement that a criminal prosecution be instituted by grand jury in-

dictment rather than by information. See Stone v. Hope, Okl.Cr., 488 P.2d 616 (1971).

For the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is, hereby, affirmed.

BLISS, P. J., concurs.

BUSSEY, J., concurs in results.