The STATE of Utah, Plaintiff and
Respondent,

v.

Edward Thomas SWAIN, Defendant
and Appellant.

No. 14036.

Supreme Court of Utah.

Sept. 30, 1975.

Gary H. Weight, of Aldrich & Nelson, Provo, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, William Barrett, Asst. Attys., Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

TUCKETT, Justice:

The defendant appeals from an order of the district court denying his motion for a new trial.

The defendant was found guilty of the crime of distributing a controlled substance (amphetamine) for value. After his conviction the defendant filed a motion for a new trial based upon newly discovered evidence. In support of his motion defendant filed an affidavit of one Darrel W. Lyon, which stated in effect that he (Lyon) at the time and place mentioned in the information sold one hundred amphetamine tablets to Robert Murray after the defendant and Murray had come to the Lyon home. The chief testimony supporting the State's case against the defendant came from Robert Murray who was an under cover agent for the Narcotics Task Force. However, Murray testified that he purchased five hundred amphetamine tablets from the defendant at Lyon's home.

Lyon was not produced at the trial and the defendant claims here that he was unaware of the fact that Lyon had sold amphetamine to Murray, and that he was unaware of the fact that he (Lyon) would testify that he did in fact make the sale. The defendant contends that his motion and the supporting affidavit meet the requirements of Section 77–38–3(7), U.C.A. 1953, and that the trial court should have granted his motion.

The defendant is entitled to have the order of the trial court reversed only if it appears the trial court abused its discretion.[1] In view of the discrepancies in the testimony of the State's witness and the statements made by Lyon in his affidavit there is nothing to show that the jury would have found differently even though Lyon had testified at trial to the statements made in his affidavit. It is doubtful that the out of court confession by Lyon would be admissible in a new trial of this case.[2] In view of all the circumstances we cannot say that the trial court abused its discretion in denying the defendant's motion for a new trial.

The decision of the court below is affirmed.

HENRIOD, C. J., and CROCKETT, ELLETT and MAUGHAN, JJ., concur.

---

1. *State v. Montgomery*, 37 Utah 515, 109 P. 815; *State v. Jiron*, 27 Utah 2d 21, 492 P.2d 983.

2. *Donnelly v. United States*, 228 U.S. 243, 273, 33 S.Ct. 449, 57 L.Ed. 820.