**STATE of Missouri, Respondent,**

v.

**Paul David RAINS, Appellant.**

No. 36265.

Missouri Court of Appeals, St. Louis District, Division Two.

May 11, 1976.

Kenneth L. Waldron, John P. Lichtenegger, Jackson, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, A. J. Seier, Pros. Atty., Cape Girardeau, for respondent.

KELLY, Judge.

Paul David Rains, appellant, takes this appeal from a judgment of the Circuit Court of Cape Girardeau County, entered upon a jury verdict finding him guilty of Burglary, Second Degree, § 560.070, RSMo 1969. Rains' motion for new trial was timely filed, argued and denied. Allocution was granted and the trial court, having previously made a finding, after an evidentiary hearing, that appellant was a "second offender" within the meaning of § 556.280 RSMo 1969, sentenced him to imprisonment in the custody of the Missouri Department of Corrections. § 560.095 RSMo 1969. Leave was granted for Rains to appeal as a poor person and a timely notice of appeal was filed.

The evidence in the record offered on behalf of the state is that on the morning of March 1, 1974, the manager of a motel called police between 1:30 and 2:00 a. m. to report that the motel had been broken into by a man whom he described as being light-haired, 5' 6–8" tall, 165–180 pounds, and wearing a short jacket. When the police arrived, they gave Evans, the manager five

or six photographs to look at, from which he chose the photograph of the defendant. The police then left, arrested the defendant approximately one-quarter mile from the motel and returned with him to the motel parking lot at about 2:30 a. m. After asking the defendant to stand up, the witness identified him as the man he had seen in the motel office some forty-five minutes before.

Defendant was charged with second degree burglary in violation of § 560.070 RSMo 1969. At the arraignment, held April 1, 1974, the trial judge gave the defendant fifteen days to file any pre-trial motions. A motion to suppress Evans' in-court identification of the defendant as the burglar was filed on May 9, 1974. A motion for disclosure, generally, of any evidence the state had which was favorable to the defendant was filed the morning of the trial, May 14, 1974. Both motions were denied without hearings as being untimely filed.

At trial, the state introduced, over defendant's objections, a screwdriver found approximately 60 feet from the motel in a public alley, and testimony attempting to connect that screwdriver to the crime. Evans was allowed, without objection from the defendant, to make an in-court identification of the defendant. When the defense attempted to cross-examine the witness about the identifications made by photograph and on the motel parking lot, the state objected and the trial court sustained the objections. The defense was allowed to cross-examine Evans about his ability to view the burglar during the crime. An offer of proof as to testimony regarding the two pre-trial identifications was made out of the hearing of the jury, but it was not admitted.

Appellant raises seven points relied on for reversal of his conviction. They are that the trial court erred in:

1) overruling his motion for disclosure and his motion to suppress without a hearing on the merits;

2) precluding his counsel from any cross-examination or oral argument to the jury concerning the basis of the in-court identification and the circumstances and procedures used in the identification of the appellant by the state's principal witness;

3) refusing to give the approved alibi instruction, MAI–CR 3.20;

4) admitting into evidence the state's principal witness' in-court identification of the defendant;

5) admitting into evidence a screwdriver found in a public alley some distance from the scene of the burglary, and

6) failing to sustain his objection to testimony relative to the ownership of the building which was hearsay;

7) failing to sustain his motion for judgment of acquittal at the close of all of the evidence because the evidence adduced by the state is insufficient to establish that the motel allegedly burglarized was the property of Quentin Parrish and that there was any personalty belonging to Mr. Parrish kept or deposited in the building as alleged in the Amended Information on which the cause proceeded to trial.

■ Appellant's first point is without merit. On April 1, 1974, when he was arraigned, the trial court, pursuant to the provisions of Rule 25.06 that any defense or objection capable of determination without trial of the general issue may be raised before trial by motion, and within such time before trial as the court may fix, entered an order granting the defendant 15 days to file motions and set them for argument on May 6, 1974. By this same order trial of the cause was set for May 14, 1974. On May 9, 1974, appellant's attorney filed a Motion for Disclosure requesting the trial court to order the prosecuting attorney to disclose to him "all evidence material to guilt or punishment in his files, or otherwise known to him, *which is or may be favorable to said defendant at the trial of this cause,* . ." (Emphasis supplied). On the morning set for trial the trial judge conducted a pre-trial conference commencing at 8:30 a. m. at which he heard evidence relative to the second offender allegations in the Amended Information and made his findings thereon.

It was during this pre-trial conference that defense counsel advised the trial judge that with respect to his motion for disclosure he had, "last Friday," gone by the prosecuting attorney's office and saw 5 or 6 photographs purporting to be scenes of various areas of the building where the offense occurred and that these were the only items disclosed to him. The prosecuting attorney acknowledged his obligation to show defense counsel any favorable evidence he might possess and offered to him a copy of a lab report he had received from the Southeast Missouri University laboratory which reported that an examination of appellant's clothing revealed no glass in said clothing. Defense counsel replied: "That's fine. We'd like to have that in evidence. We don't object to that at all, Judge." During the state's case and while defense counsel was cross-examining Detective-sergeant James Crites of the Cape Girardeau Police Department, an officer who investigated the burglary, this laboratory report and the fact that no particles of glass were detected in appellant's clothes he was wearing at the time of his arrest was developed, and the report itself was marked as "Defendant's Exhibit 4," admitted into evidence at appellant's request, and passed to the jury for inspection. The trial judge, as appellant contends, denied appellant's Motion for Disclosure on the ground it was untimely filed.

The proceedings under review on this part of appellant's first point occurred prior to July 1, 1974, when the newly adopted Criminal Rule 25.31 and 25.32—providing for requests or motions for discovery and disclosure by the state to the defendant without court order—went into effect. Prior to that date there was no general right to discovery in criminal cases. *State v. Tressler,* 503 S.W.2d 13, 17[4] (Mo.1973), cert. denied 416 U.S. 973, 94 S.Ct. 2000, 40 L.Ed.2d 563; *State v. Mitchell,* 500 S.W.2d 320, 324[9] (Mo.App.1973). The trial court was authorized to set a pre-trial date for the filing of motions and objections and appellant has not presented to the trial court, nor to this court, any explanation or reason why his counsel did not comply with

the trial court's order. Nor has appellant's counsel revealed that he has any reason to suspect or to know that the prosecuting attorney has, or had, any evidence other than the laboratory report which is or might be favorable to his defense. He argues: "The State (sic) failing to disclose resulted in great prejudice to the defendant. The State's principal witness testified that entry (sic) gained to the hotel by breaking a door glass. The evidence (laboratory report) which the prosecutor made available affirmatively showed that no particles of glass were contained in defendant's clothes." This same laboratory report, which according to the record was received by the prosecutor on the day prior to the pre-trial conference—Monday, May 13, 1974 —and was, during the cross-examination of Sgt. Crites, identified, marked, read from and passed to the members of the jury for their inspection and examination. Any prejudice which the appellant might have suffered was removed by this act of his counsel in getting the laboratory report in the record and before the jury.

We hold that under the facts of this case the trial court did not err in overruling appellants' Motion for Disclosure which was untimely filed.

Because of the result we reach in this case, and likelihood that it will be retried on remand, we consolidate the second alleged error contained in appellant's first point with those trial errors alleged in points 2 and 4, because they all rest on the question of appellant's identity as the culprit in this burglary.

Appellant's contentions on these points refer to the failure of the trial court to afford him a hearing on his motion to suppress the in-court identification of Mr. Evans prior to trial, admitting into evidence Mr. Evans' in-court identification, and the refusal of the trial court to permit him to cross-examine Mr. Evans relative to a photographic identification procedure and a "one-on-one" confrontation on the motel parking lot some time thereafter, both within an hour after the burglary was reported to the police. Our source of infor-

mation on these points is the offer of proof made by the appellant's counsel at the time his cross-examination was cut-off by the respondent's objection and testimony of the arresting officer, and while it is not extensive, it is sufficient to aid us in our ruling.

■ Appellant's attack in this court is based upon his constitutional right to due process of law guaranteed to him by the 5th and 14th Amendments to the Federal Constitution, and despite the fact we have concluded that his Motion to Suppress was filed out of time and therefore in violation of Rule 25.06, we are aware of no Rule nor appellate decision of the courts of this state requiring that the hearing on the motion be conducted out of the presence of the jury.[1] As the state points out in its brief, appellant interposed no objection at trial when Mr. Evans' in-court identification came in.

■ Nevertheless, we conclude that there is merit to appellant's contention that there was prejudicial error committed when the trial court precluded him from cross-examining Mr. Evans concerning the procedures employed at the time he was shown a photograph of the appellant and the "one-on-one" identification on the motel parking lot, and for this reason we must reverse and remand this case for a new trial.

During the cross-examination of Mr. Evans, appellant's counsel sought to interrogate him about whether when the police officer arrived at the scene of the burglary they brought with them 5 or 6 pictures for him to look at. The prosecuting attorney objected on the grounds that this was immaterial and irrelevant and the trial court sustained the objections. The next question was: "Q. The police said nothing to you?" The prosecuting attorney then said: "Objection, Your Honor." The Court said: "Sustained." Further attempts were made by defense counsel to develop this line of inquiry and finally the prosecuting attorney asked if he could approach the bench. Permission was granted, a colloquy out of the hearing of the jury took place wherein ob-

jection was again interposed by the prosecutor on the grounds that this evidence was immaterial because counsel had permitted the in-court identification to come in without objection and therefore waived any objections he might have, and he again was sustained by the trial court. Appellant's counsel argued that this evidence was admissible on the issue of whether the witness' identification was based upon his independent judgment, his memory and his credibility and whether his identification was based upon the photograph. The objection was sustained on the grounds that these matters could have been raised by a timely motion and because they had not been they were waived, and for the further reason the evidence came in without objection. Defendant's counsel was then advised by the trial judge that he was precluded from going into the "basis for the identification," and instructed counsel that he was not to inquire regarding the parking lot identification.

By way of offer of proof appellant's counsel examined Mr. Evans, out of the presence of the jury, and developed that when the police arrived at the motel they brought with them 5 or 6 black and white photographs—"mug shots"—which they gave to him and from which he selected one as the burglar he had seen earlier. The six photographs shown to him were of "all types of people; some had different hair than others, and they were all white males. The photos were from the chest up—'just a face.'" One could not tell from the picture how tall the subjects were nor, "within pounds," how much they weighed. He could not see the names of the men on the pictures because "they covered that up" when they showed him the pictures. All one could get from the pictures were the facial features. At the conclusion of the offer of proof, the objection of the prosecutor was interposed to the offer of proof and in sustaining the objection the trial judge said: ". . . I am not going to preclude

1. We are, however, of the opinion that it is the better practice to conduct the evidentiary hearing on a timely filed motion to suppress identi-

fication evidence out of the presence of the jury.

you from testing this witness' memory, Mr. Waldron, but I am going to sustain that portion of the offer of proof that concerns the identification process through the use of the photograph and the one on one identification on the parking lot and all questions relating to those two subjects . . ."

We find that the error here is occasioned by the failure of the prosecuting attorney, and the trial judge, to distinguish between interrogation involving the admissibility of in-court identification testimony and the proper scope of cross-examination available to defense counsel to test identification testimony. Although appellant may have waived the question of whether the in-court identification of the appellant by Mr. Evans because of some possible tainting by the procedures employed in this case through his failure to file a timely Motion to Suppress and/or failure to object to the evidence when it came in, he did not thereby waive his right to cross-examine the witness relative to these procedures so that the jury as the ultimate trier of fact could judge for itself the credibility and validity of the identification of appellant as the burglar by the sole eye-witness.

There is no authority cited by the state to support the denial of cross-examination on the subject of a defendant's identification as the perpetrator of a crime. Mr. Evans' identification of appellant as the burglar in this case is the only evidence implicating appellant in this crime. It is the crux of the prosecution's case. Respondent relies on the general principle enunciated in a number of Missouri cases that a trial court has broad discretion in limiting cross-examination where the witness' testimony involves the credibility of the witness, *United States v. Brown,* 482 F.2d 1226, 1229[6] (8th Cir. 1973), *State v. McAllister,* 468 S.W.2d 27, 30[6] (Mo.1971), *State v. Johnson,* 486 S.W.2d 491, 496[4] (Mo.1972), and others. We have no quarrel with this general principle, but we conclude that although appellant's counsel was permitted some cross-examination relative to Mr. Evans' ability to observe the burglar for a short period of time in the lobby of the motel he should

also have been permitted to cross-examine him about the circumstances surrounding the photographic display and the one-on-one confrontation on the motel parking lot.

While the courts of this state have approved the identification procedures employed by the police officers in this case, they remain cognizant of the innate suggestiveness of the methods and have required trial courts, when appropriate pre-trial motions questioning the procedures have been filed, to conduct an evidentiary hearing and make a preliminary finding that the identification procedure was not so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), Anno. 39 A.L.R.3rd 487, 39 A.L.R.3d 791, 39 A.L.R.3d 1000.

The Oklahoma Court of Criminal Appeals in *Davis v. State,* 467 P.2d 521, 523 (1970) considered the right of a defendant to conduct cross-examination and the pre-trial procedures employed and concluded that in the light of *Simmons,* supra, the defendant should be allowed to cross-examine witnesses relative to the pre-trial identification of the defendant whether by photograph or lineup because the weight and credibility to be given to the testimony of witnesses making court-room identifications is a matter for the jury's determination and a refusal to allow such cross-examination constitutes error so prejudicial as to require reversal. In *Davis* the defendant had interposed an objection to the in-court identification testimony at trial, but we do not believe that distinguishes *Davis,* supra, from this case on this point. *United States v. Dickens,* 417 F.2d 958, 962[5] (8th Cir. 1969) recognized that the right of a defendant to engage in cross-examination is an essential requirement for a fair trial, and where it has been abridged, prejudice need not be shown to justify reversal.

In this case, although Mr. Evans had opportunity to observe the burglar in the lobby of the motel under what he categorized as good lighting conditions—i. e. light from a clock and also from a cigarette machine—

the evidence that the police officers answered the report of the crime within minutes and armed with five photographs, among which was one of this appellant, coupled with the one-on-one confrontation on the parking lot, together with the surrounding circumstances, are matters counsel had a right to interrogate the witness on.

We hold that the trial court erred in precluding cross-examination on the identification procedures under the facts of this case, that said error was prejudicial and the appellant's conviction must be reversed and remanded for a new trial.

■ Appellant's point that the trial court erred in refusing to give the alibi instruction—MAI–CR 3.20—is without merit because there was no evidence in the record to support the giving of the instruction and although requested, the instruction was properly refused.

Appellant's contention that the trial court erred in admitting into evidence the in-court identification is, on this record, without merit. However, because we are reversing the case and remanding it for a retrial on the grounds stated, we direct the trial judge to conduct a pre-trial evidentiary hearing on the issue of whether the identification procedures and the circumstances under which they were conducted were impermissibly suggestive so as to render the in-court identification inadmissible on those grounds and to make a finding thereon. We take this tack, not because we have concluded that the trial judge erred in overruling appellant's untimely motion to suppress without a hearing in the first instance, but because the ends of justice will be best served and all of the facts will be developed in an evidentiary hearing on the issue of admissibility.

Appellant's next point is directed to the admission into evidence of a Phillips screwdriver found in an area approximately 60 feet from the motel building in the general direction in which the burglar made good his escape. This screwdriver was found in a gravel driveway open to the public just east of one of the two motel parking lots there. There was evidence in the case that the

north door to the motel had pry marks on it and that Sgt. Crites had compared the marks he saw on the door and the screwdriver and he found them comparable. On cross-examination the Sergeant testified that there was no way he could positively say the Phillips screwdriver in evidence was the one used in this occurrence.

■ Testimony concerning any physical object connected with a crime tending to show the manner in which the crime occurred may be admitted into evidence, and this rule of evidence has a special application when the articles, instruments, or weapons indicative of the crime are found near the scene of the crime subsequent to the commission of the crime upon the theory they may tend to explain the crime, although not otherwise connected with the accused. *State v. Parr,* 296 Mo. 406, 246 S.W. 903, 905[3] (1922), *State v. Henderson,* 510 S.W.2d 813, 821[9] (Mo.App.1974). We hold this rule applicable here and rule this point against appellant.

Appellant's next two points shall be considered simultaneously because they both are directed at the question whether the prosecution established the ownership of the building which was burglarized. The amended information on which the cause proceeded to trial contained the following allegations:

"Paul David Rains, did then and there wilfully, unlawfully, and feloniously and burglariously break and enter a certain building known as Parrish's Downtown Motel, . . . , the property of Quentin Parrish, with the felonious and burglarious intent to steal, take and carry away certain goods, wares, merchandise or personal property of the aforesaid Quentin Parrish then and there kept or deposited in the said building . . ."

Mr. Parrish did not appear and testify at the trial. The only evidence in the record to support these allegations came in during Mr. Evans' testimony when he was permitted, over objection that it was hearsay, to testify that Homer Quentin Parrish of Carbondale owned the motel since Mr. Evans

had been employed as manager of the motel, over a period of almost six years.

The cause was submitted to the jury on an MAI–CR 7.32 instruction in which the name Quentin Parrish was inserted in the appropriate blank space as owner of the building "broken into."

 The Supreme Court in *State v. Burke,* 462 S.W.2d 701, 707 (1971) held that § 560.070 RSMo 1969 is stated in general terms and should be construed as at common law. The usual holding is that an information for burglary must allege the ownership of the building burglarized; otherwise, it is fatally defective. *State v. Wright,* 339 Mo. 41, 95 S.W.2d 1159, 1161[5] (1936); *State v. Carey,* 318 Mo. 813, 1 S.W.2d 143, 146[6] (1927). However, proof of the ownership of a building burglarized does not refer to the title but the occupancy. *State v. Harrison,* 285 S.W. 83, 87[14] (Mo.1926), "There are only two reasons for requiring the ownership of the house to be stated in an indictment for burglary: (1) for the purpose of showing on the record that the house alleged to have been broken into was not the dwelling house of the accused, inasmuch as one cannot commit the offense of burglary by breaking into his own house, and (2) for the purpose of so identifying the offense as to protect the accused from a second prosecution for the same offense." 13 Am.Jur.2d Burglary § 37 (1964).

 Appellant's objection was that Mr. Evans' testimony was "hearsay" with respect to the ownership of the motel; however, there is nothing in this record to support his statement and we may not assume that Mr. Evans' testimony was based upon anything other than his own knowledge. He, as manager of the motel, may well have sufficient knowledge of this fact, and in the absence of any cross-examination to cast doubt on whether it is hearsay, we cannot so conclude.

In *State v. Jackson,* 411 S.W.2d 129, 131[4] (Mo.1967), where in a burglary case, the defendant contended that the state did not prove corporate existence of "Metal Goods Corporation, as alleged in the information," the court held that there was sufficient evidence of same when the general credit manager testified that Metal Goods Corporation was a Missouri corporation which owned the building which was burglarized and the contents thereof. We too believe that Mr. Evans' testimony was sufficient in this case to make a submissible case on that issue and that the trial court did not err in either admitting it into evidence nor in overruling appellant's motion for acquittal at the close of all the evidence.

Reversed and remanded.

CLEMENS, P. J., and STEWART, J., concur.