Tommy Lee JONES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17466.

Court of Criminal Appeals of Oklahoma.

March 12, 1973.

Don Anderson, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Jr., Legal Intern, for appellee.

BUSSEY, Judge:

Tommy Lee Jones, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Case No. CRF–71–2180, for the crime of Robbery with Firearms, After Former Conviction of a Felony. From the judgment and sentence assessing his punishment at thirty (30) years imprisonment, he appeals.

The State's evidence consisted of the testimony of Edward Earl Henderson, who, on the evening of the 12th day of September, 1971, at approximately 11:00 p. m., was employed with his Aunt Amanda Crutcher at the Pick-In-Tote Food Store. This witness testified that he had been outside the store and upon returning, observed the defendant standing at the cash register in front of his aunt. He stated that he ob-

served a pistol in the defendant's pocket and that the defendant took the pistol from his pocket, directed that he and his aunt give him the contents of the two cash registers and that they complied. The witness testified that the cash registers contained monies in the approximate sum of Two Hundred Dollars ($200.00). The witness positively identified the defendant in the courtroom and stated that the only difference in his appearance at that time and at the time of the robbery, was that at the time of the robbery the defendant wore longer sideburns.

The State next called Officer O. R. Summers, and the pertinent portion of his testimony relating to the sole question raised on appeal, appears in the record at pages 16 and 17, as follows:

"Q. And what did you do in connection with that investigation?

A. Approximately eight or ten days after the robbery I talked to Mr. Jones in the City Jail where he agreed to stand in a lineup and sign the lineup waiver and this was conducted; and after the lineup, I went back to the jail and I again, advised him of his rights and told him that the witness had picked him out of the lineup and he asked me which robbery it was and I told him it was a grocery store over on Bryant."

Thereafter, the witness testified as to specific details of the Miranda warning given the defendant. Although no objection was interposed to this testimony, the court conducted a hearing, outside the presence of the jury, at which time Officer Summers stated that the witness he referred to as having identified the defendant was Edward Earl Henderson. It was at this point that the court asked counsel for defense if he wished to make any motion; whereupon counsel moved for a mistrial, which was overruled. The court reconvened, in the presence of the jury, where the following admonition was given:

"BY THE COURT: Alright, ladies and gentlemen, this witness has given you certain testimony concerning a lineup evidently conducted at the Oklahoma City Police Station. That evidence, all evidence given by this witness concerning this lineup and identification or what anyone told anybody about what happened in the lineup or any possible identification is stricken. It falls in the nature of hearsay. It is to be disregarded entirely by you." [Tr. 22]

Thereafter, Officer Summers continued to testify relative to defendant's statements made to him that he had had a haircut subsequent to the robbery and had shortened his sideburns.

The defendant testified in his own behalf and called as witnesses his common-law wife, Kerma Jones and Shirley Smith. All these witnesses testified that the defendant was at home on the evening in question, playing cards.

The defense rested and thereafter the jury returned a verdict finding the defendant guilty in the first stage of a two-stage proceeding, and in the second stage of the two-stage proceeding, after stipulation as to the prior conviction, the jury found the defendant guilty of Robbery with Firearms, After Former Conviction of a Felony, and assessed his punishment at thirty (30) years imprisonment.

Defendant's single assignment of error is that reversible error was committed when Officer Summers testified in the presence of the jury that he (the defendant) had been identified in the line-up. Counsel relies upon Gillespie v. State, Okl.Cr., 355 P.2d 451; Cothrum v. State, Okl.Cr., 379 P.2d 860; Davis v. State, Okl.Cr., 467 P.2d 521; and Jernigan v. State, Okl.Cr., 485 P.2d 778. The decisions in the above cited cases were all expressly overruled in Hill v. State, Okl.Cr., 500 P.2d 1075; however, these cases did not all involve the precise question here presented.

Concededly, the statement of Officer Summers to the defendant that the defendant had been identified in a line-up identification was improper; however, such statement was not objected to at the time it was admitted, and thus was not properly pre-

served for review on appeal. Moreover, in view of the detailed admonition given by the court to the jury to disregard such statements, we are of the opinion that the error was cured. We observe, further, that the person to whom Officer Summers referred, when he advised the defendant that he had been identified, was State's witness Edward Earl Henderson, and that the officer's statement, after the positive identification of the defendant in the courtroom by witness Henderson was merely cumulative evidence.

For the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby,

Affirmed.

BLISS, P. J., and BRETT, J., concur.