**William James MINTZ, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–78–196.**

Court of Criminal Appeals of Oklahoma.

April 23, 1979.

Rehearing Denied May 7, 1979.

Frank H. McCarthy, Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Joe H. Enos, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Defendant, William James Mintz, has appealed his conviction of Robbery By Force, in Case No. CRF–76–2590. He was found guilty by a jury, and sentenced by Tulsa District Judge Raymond W. Graham to serve a term of ten (10) years under the supervision of the Department of Corrections.

Briefly, the trier of fact found beyond a reasonable doubt that the defendant snatched a billfold from an elderly Tulsa resident. The victim and one witness positively identified the defendant as the limping individual who had grabbed the woman's billfold outside a Safeway grocery store in southeast Tulsa.

In the first assignment of error, defendant contends that the trial court's refusal to include the voir dire in his free transcript of the trial proceedings was contrary to his constitutional right to due process and equal protection, to decisions of the United States Supreme Court, and to 20 O.S.1971, § 106.4. The trial judge disallowed the inclusion of the voir dire in the appellate transcript because he could remember no instance of a properly preserved error. When reminded of a specific objection, however, the judge allowed only that portion of the voir dire to be transcribed. The judge determined that the court reporter, through perusal of her untranscribed notes, could ascertain any other defense objections and transcribe those portions, and, "all predicate questions preceding the objections will be—will be transcribed." The State insists that this ruling was within the trial judge's discretion, but alternatively argues that the question is not properly before this Court.

In our estimation, the State is correct in its alternative contention. Rule 2.4 of the Rules of the Court of Criminal Appeals—Title 22 O.S.Supp.1978, ch. 18, App.—states that the petition in error must contain "Errors of law urged as having been committed during the progress of the trial." The filing of the designation of record requesting transcription of the voir dire, as well as the verbal denial of its inclusion by the trial judge, were events transpiring several months prior to the filing of the petition in error. The defendant should have known that including this particular allegation in his petition in error was essential before we could properly address the issue.

The defendant's second assignment of error is that Officer Hanks of the Tulsa Police Department should not have been allowed to testify regarding the extrajudicial identification of the defendant by Ms. Swanson and Ms. Newton. Ms. Newton, the victim, testified that she selected the defendant as the perpetrator from a photographic lineup; Ms. Swanson did not testify to any extrajudicial identification of the defendant. Both witnesses, however, made an in court identification from the witness stand. Officer Hanks explained the circumstances of the extrajudicial identifications of the defend-

ant made from a photographic lineup which was shown to both witnesses.

 Since our decision of *Hill v. State,* Okl.Cr., 500 P.2d 1075 (1972), we have addressed this assignment of error in only two subsequent cases, *Towning v. State,* Okl.Cr., 521 P.2d 415 (1974), and *Martinez v. State,* Okl.Cr., 569 P.2d 497 (1977). The concurring opinion of Judge Simms in *Hill v. State,* supra, in which Judge Bussey specially concurred, overruled prior case law concerning testimony of extrajudicial identifications. Such testimony can be elicited from a witness only after the witness makes an in court identification of the defendant, and only if the in court identification is made according to the guidelines of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Thompson v. State,* Okl.Cr., 438 P.2d 287 (1968). Testimony of extrajudicial identification, however, is limited to the identifier and cannot be given by a third person such as a police officer witnessing the out-of-court identification. A third person may only testify as a rebuttal witness or at an evidentiary hearing.

In *Towning v. State,* supra, we held that since defense counsel did not timely object to the third party testimony and properly preserve the error, testimony by the third person—ordinarily inadmissible—did not establish a basis for reversal. And citing 20 O.S.1971, § 3001, we held that testimony by a third person to the identification of the defendant in a trial for rape was harmless error when it was merely cumulative to the testimony of the prosecutrix and her daughter, in *Martinez v. State,* supra.

 The defendant in this case was identified by both Ms. Newton and Ms. Swanson in the court room. Ms. Swanson, after watching the defendant's limping walk, positively identified the defendant as the man she observed snatch Ms. Newton's billfold. This recognition of defendant, predicated upon a physical idiosyncrasy as well as a positive identification of the defendant's facial features, made the testimony of Officer Hanks unnecessary. Since the jury could reasonably have found the defendant guilty without corroboration by Officer Hanks, the erroneous admission of his testimony was harmless error.

For the reasons enumerated herein, this judgment and sentence is *AFFIRMED.*

CORNISH, P. J., concurs in results.

BUSSEY, J., concurs.