**John F. AYCOX, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–516.**

Court of Criminal Appeals of Oklahoma.

July 9, 1985.

Robert A. Ravitz, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Lana Cohlmia, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, John F. Aycox, was convicted of Burglary in the First Degree After Former Conviction of Two or More Felonies in the District Court of Oklahoma County Case No. CRF–83–4320. He was sentenced to twenty (20) years imprisonment and appeals.

Briefly stated the facts are that on August 27, 1983, while Mr. and Mrs. Early Brim were watching television in their living room, someone forcibly entered their home in Oklahoma City through a screen door. Mr. Brim testified that he left the living room to get a drink of water and observed a young man in the back bedroom. He approached the man and questioned him concerning a television set that he noticed was missing. The man confessed that he had taken the television and led Mr. Brim to the place where he had taken it. At that point, Mr. Brim brought the television back into the house, refused the intruder entry into the house for a drink of water, and contacted the police. When the police arrived, he described the intruder to the police, and an immediate search of the area was initiated. A suspect was arrested one and one-half (1½) blocks away approximately fourteen (14) minutes after the police arrived at the house. He was then transported to the Brim's residence where both Mr. and Mrs. Brim positively identified him as the intruder.

During the trial, neither Mr. or Mrs. Brim were able to identify the appellant as the perpetrator, but a police officer who was present at the time of the one person showup testified that the Brims had positively identified the appellant as the man they had seen in their home.

In his sole assignment of error, the appellant contends that the identification procedures used by the State denied the appellant his constitutional rights to due process of law in violation of the Fourteenth Amendment to the United States Constitution and Fundamental Fairness as provided by the Oklahoma Constitution. While this contention may possess merit, we reverse and remand this case on another basis.

When the police officer testified concerning the Brim's identification of appellant at the one person showup, appellant's counsel, a public defender, failed to interpose an objection. The law is well settled in Oklahoma that failure to object at trial is a waiver of error. *Wallace v. State*, 562 P.2d 1175 (Okl.Cr.1977). However, the only evidence of identification of the appellant at trial, was the police officer's testimony of the Brim's extra-judicial identification, and this Court has held that testimony that an extra-judicial identification was made may be admissible, but it is limited to the identifier himself, not third persons present at the time of the identification. See, *Maple v. State*, 662 P.2d 315 (Okl.Cr. 1983); and *Brownfield v. State*, 668 P.2d 1165 (Okl.Cr.1983). Trial counsel's failure to object to the officer's inadmissible identification testimony when this was the only identification testimony proffered to link appellant to the crime could not be considered sound trial strategy. Moreover, due to the gravity of the testimony, especially in light of the failure of the victims to identify the appellant at trial, but for counsel's failure to object there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also, *Collis v. State*, 685 P.2d 975 (Okl.Cr. 1984).

Based on defense counsel's failure to object to the admission of the officer's identification testimony, which goes to the heart of this case, we are of the opinion that appellant was denied effective assistance of counsel.

Therefore, this case is REVERSED and REMANDED for a new trial.

PARKS, P.J., and BRETT, J., concur.