**Timmy Andrew CHRISTIAN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–8.**

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1985.

---

Johnie O'Neil, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

The appellant, Timmy Andrew Christian, was charged with, tried for, and convicted of Robbery with Firearm in the District Court of Tulsa County, Case No. CRF–83–129. The jury set punishment at seven (7) years imprisonment. Judgment and sentence was imposed in accord with the jury's verdict, and appellant has filed a timely appeal to this Court. We affirm.

Appellant was convicted for the December 4, 1982 robbery of the Git-N-Go convenience store in Tulsa County. According to the facts adduced at trial, appellant and an unknown companion robbed the store clerk, Milton Carl Achterburg, at gunpoint, taking some $75.00 from the store safe.

In his first assignment of error, appellant claims his confession to police should have been suppressed, as the challenged statement was the product of an illegal, warrantless arrest. *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). However, the record in this case does not support the appellant's contention that the arrest was unlawfully effected.

■ The record in this case shows, and appellant concedes, that the arrest took place at the doorway of the appellant's home. We held in *Finch v. State*, 644 P.2d 1378 (Okl.Cr.1982), *cert. denied* 459 U.S. 990, 103 S.Ct. 347, 74 L.Ed.2d 386 (1982), that a warrant is not necessary if the arrest is made with probable cause, and is made on the appellant's doorstep. *Id.* at 1380. In this case, the arrest was made outside the appellant's home and with sufficient probable cause. This assignment of error is therefore without merit.

■ Next, appellant claims the trial court erred in allowing Deputy Gary Bloss to testify regarding Mr. Achterberg's extrajudicial identification of the appellant as one of the robbers. However, appellant made no objection to this evidence at the time it was admitted. In the absence of an objection, we cannot say this error consti-

tuted reversible error. *See Towning v. State*, 521 P.2d 415 (Okl.Cr.1974).

Accordingly, the judgment and sentence of the District Court should be, and the same hereby is, AFFIRMED.

BRETT, and BUSSEY, JJ., concur.