Dennis Earl **WALLER**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. **F–84–332.**

Court of Criminal Appeals of Oklahoma.

June 4, 1986.

Mark Barrett, Sp. Counsel, Appellate Public Defender System, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Deputy Chief, Crim. Div., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Dennis Earl Waller, was tried by jury for the crime of Burglary in the Second Degree, After Former Conviction of a Felony, in the District Court of Comanche County, Case No. CRF-83-558. The jury returned a verdict of guilty and set punishment at ten (10) years imprisonment. The trial court sentenced the appellant in accordance with the jury's verdict. From this judgment and sentence, the appellant has perfected his appeal to this Court. We affirm the judgment and sentence of the District Court.

On August 2, 1983, Albert Ozuna's apartment in Lawton was burglarized. A stereo and television set were taken. Appellant was linked to the crime through the testimony of Joyce Smith. Ms. Smith testified she saw the defendant running from Ozuna's apartment. Although she could not see his face, Ms. Smith, an acquaintance of the appellant, identified him by his voice, as he called out when running away. Ms. Smith told a friend, Geneva Carpenter, about the incident, but did not tell police until a week later because she did not wish to get involved. Ms. Carpenter testified that when she told the appellant about Ms. Smith's claims, he retorted that "he didn't like snitches and that he poured gasoline on them." After Ms. Smith discovered her tires had been slashed, she called police.

In his two assignments of error, the appellant complains the trial court erred in failing to give cautionary instructions on eyewitness identification, and the proper use of other crimes evidence. The record reflects that defense counsel failed to request either cautionary instruction. We have held that cautionary instructions regarding these two issues are not required in the absence of a defense request. *See Cole v. State*, 646 P.2d 1298 (Okl.Cr.1982) (eyewitness instruction), and *Pearson v. State*, 632 P.2d 765 (Okl.Cr.1981) (other crimes evidence). In the absence of a substantial violation of appellant's rights, failure to give these instructions was not error.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BUSSEY, J., concurs.

BRETT, J., concurs in results.