Stephen D. ROSS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–559.

Court of Criminal Appeals of Oklahoma.

March 16, 1987.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Stephen D. Ross, was convicted in the District Court of Comanche County, Case No. CRF–83–208, of the crime of Robbery in the First Degree, was sentenced to eight years' imprisonment, and he appeals raising two assignments of error.

After leaving a bar in Lawton, Oklahoma, early on the morning of March 25, 1983, William Winkleman was pushed down on the sidewalk by the appellant. His accomplice, Xavier Bush then removed Winkleman's wallet from his hip pocket, and both assailants ran from the scene. The assault had been observed by a taxicab driver who turned his headlights on bright to better observe the two assailants. Within minutes, the appellant and Bush were taken into custody by a police officer who was in the area at the time.

█ The appellant first alleges that he was denied a fair trial because he was convicted on the basis of the testimony of unreliable eyewitnesses testimony. He claims that his identification by the eyewitness was unreliable and should have been suppressed because their testimony was tainted as the result of an illegal showup. The victim testified that he saw the assailants about ten minutes after the robbery at a police car. He stated that he could only identify the larger suspect, the appellant. He made no attempt to identify the appellant in court. The other eyewitness, James Jenkins, the cabdriver, testified that he saw the codefendants about fifteen minutes after the robbery at the police car with the arresting officer, and that he identified both of them as the assailants. Both of the witnesses arrived at the police car without any assistance from the police officers.

Among the cases cited by the appellant is *Green v. State*, 594 P.2d 767 (Okl.Cr.1979) which holds that where a pretrial identification procedure is unnecessarily suggestive, due process is denied, thus necessitating suppression of the tainted identification testimony unless under the totality of the circumstances there is no substantial likelihood of irreparable misidentification. In *Green* a lineup was held which was unnecessarily suggestive. Exclusionary rules are intended to force compliance by the government with constitutional provisions. *See Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Under the facts in the case at bar, there is no governmental action because the government did not arrange the confrontation. Therefore, the appellant fails in his claim that he was denied due process as the result of the extrajudicial identifications.

█ The appellant further contends that the trial court erroneously denied his request for a lineup. A formal lineup is not a

prerequisite to allowing a witness to identify the accused in court. *Grigsby v. State,* 496 P.2d 1188 (Okl.Cr.1972).

■ The appellant also argues in this assignment of error that since the eyewitness testimony is unreliable, the evidence is insufficient to support the conviction. The test for determining if the evidence is insufficient to sustain the conviction is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985). The record reveals that the appellant and his codefendant were initially stopped by a police officer when the officer observed an agitated crowd pointing in the direction of Ross and Bush who were "sprinting" away from the crowd. Both were reluctant to answer any questions but finally stated that they were "jogging" home. They were then released and began walking away from the patrol car across an adjacent field. At that time the cabdriver arrived and told the police officer of the robbery. The cabdriver left to try to find the victim and the police officer called the two suspects he had just stopped, back to the car. After some hesitation they complied. When the eyewitnesses identified the suspects as the assailants, they were searched and six hundred ninety dollars ($690) was found on Bush. The victim claimed to have had seven hundred dollars ($700) taken from him. After reviewing the record, we find that the evidence is sufficient to support the conviction.

This assignment of error is meritless.

■ In his second assignment of error, the appellant urges that he was denied a fair trial because of the improper bolstering of the eyewitness testimony by the testimony of the police officers. Because his trial counsel failed to object to the testimony, he claims that he was denied effective assistance of counsel. This Court has held that testimony that an extrajudicial identification was made may be admissible, but only the identifier may give such testimony, not third persons present at the time of the identification. *Maple v. State,* 662 P.2d 315 (Okl.Cr.1983). The record reveals that both police officers who testified stated that the cabdriver identified the codefendants as the assailants, and one police officer testified that the victim identified the appellant. The issue presented to us is whether trial counsel's failure to object to the inadmissible identification testimony of the two officers resulted in the appellant being denied effective assistance of counsel. In *Aycox v. State,* 702 P.2d 1057 (Okl. Cr.1985) we held under a similar fact situation that where there is a reasonable probability that the result of the proceeding would have been different if trial counsel had properly objected, the appellant in that case was denied the effective assistance of counsel. However *Aycox* can be distinguished because the victims, who were the only eyewitnesses, were unable to identify the appellant at trial, and there was no other evidence linking that appellant to the crime. In the case at bar, the cab driver testified that he identified the appellant as one of the assailants to the officers at the scene, he correctly identified him at the preliminary hearing and at the trial. The suspicious behavior of the appellant, to which the arresting officer testified, and the $690.00 found on the codefendant at the scene causes us to conclude that there is not a reasonable probability that the result of the proceeding would have been different if appellant's trial counsel would have objected. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This assignment of error is likewise without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurring.

PARKS, Judge, specially concurring:

I concur by written opinion only to note that the Ninth Circuit Court of Appeals has held that accidental confrontations may

constitute a denial of due process. *See Green v. Loggins*, 614 F.2d 219 (9th Cir. 1980). *See also United States v. Field*, 625 F.2d 862 (9th Cir.1980). However, even if this Court accepted the Ninth Circuit's premise, the identifications here could not be considered violative of due process, under these facts.