DAVIS v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:DAVIS v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 DAVIS v. STATE
2018 OK CR 7
Case Number: F-2016-171
Decided: 03/22/2018
TERRON A. DAVIS, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2018 OK CR 7, __ __

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant, Terron A. Davis, was tried by a jury and convicted in Cleveland County District Court, Case No. CF-2013-1293, of Count 1: Attempted Robbery with a Weapon, After Two Prior Felony Convictions, in violation of 21 O.S.2011, § 801; Count 2: Assault and Battery with a Deadly Weapon, After Two Prior Felony Convictions, in violation of 21 O.S.2011, § 652; and Count 3: Burglary in the First Degree, After Two Prior Felony Convictions, in violation of 21 O.S.2011, § 1431.[1] The jury recommended as punishment twenty-five (25) years imprisonment on each of Counts 1 and 3, and life imprisonment on Count 2. On March 9, 2016, the Honorable Tracy Schumacher, District Judge, sentenced Davis in accordance with the jury's verdicts.[2] Judge Schumacher further ordered the sentences for all three counts to run concurrently and ordered credit for time served.

¶2 Davis now appeals, raising ten (10) propositions of error before this Court:

I. CONVICTIONS AND SENTENCES FOR ATTEMPTED ROBBERY WITH A WEAPON, ASSAULT AND BATTERY WITH A DEADLY WEAPON, AND BURGLARY IN THE FIRST DEGREE, VIOLATED APPELLANT'S RIGHT TO BE FREE FROM MULTIPLE PUNISHMENT UNDER 21 O.S.2011, § 11;

II. BECAUSE THE TRIAL COURT'S INSTRUCTIONS IMPROPERLY ALLOWED A CONVICTION FOR ASSAULT AND BATTERY WITH A DEADLY WEAPON WITHOUT REQUIRING PROOF OF AN INTENT TO KILL, THE JUDGMENT AGAINST APPELLANT MUST BE MODIFIED;

III. THE TRIAL COURT ERRED IN REFUSING TO INSTRUCT THE JURY ON ASSAULT AND BATTERY WITH A DANGEROUS WEAPON AS A LESSER RELATED OFFENSE TO THE CHARGED COUNT OF ASSAULT AND BATTERY WITH A DEADLY WEAPON, IN VIOLATION OF APPELLANT'S FUNDAMENTAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE II, §§ 7 AND 20 OF THE OKLAHOMA CONSTITUTION;

IV. THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST TO SEVER THE TRIAL IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE II, §§ 7 AND 20 OF THE OKLAHOMA CONSTITUTION AND 22 O.S.2011, § 439;

V. APPELLANT WAS DENIED HIS RIGHT TO FIVE SEPARATE PEREMPTORY CHALLENGES EVEN THOUGH HE AND HIS CODEFENDANTS HAD INCONSISTENT DEFENSES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, 22 O.S.2011, § 655, AND ARTICLE II, §§ 7, 19, AND 20 OF THE OKLAHOMA CONSTITUTION;

VI. THE ADMISSION OF THE EXTRAJUDICIAL IDENTIFICATIONS OF APPELLANT VIOLATED HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE II, §§ 7 AND 20 OF THE OKLAHOMA CONSTITUTION;

VII. THE TRIAL COURT ERRED BY FAILING TO GIVE A CAUTIONARY JURY INSTRUCTION ON EYEWITNESS IDENTIFICATION IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE II, §§ 7 AND 20 OF THE OKLAHOMA CONSTITUTION;

VIII. APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE II, §§ 7 AND 20 OF THE OKLAHOMA CONSTITUTION;

IX. UNDER ALL OF THE FACTS AND CIRCUMSTANCES OF THIS CASE, A LIFE SENTENCE FOR ASSAULT AND BATTERY WITH A DEADLY WEAPON IS SHOCKINGLY EXCESSIVE;

X. THE ACCUMULATION OF ERRORS DEPRIVED APPELLANT OF A FAIR TRIAL AND RELIABLE VERDICT.

¶3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence. Appellant's Judgment and Sentence is therefore AFFIRMED.

I

¶4 Appellant concedes that his multiple punishment claim was not raised at trial and thus may be reviewed on appeal only for plain error. Rousch v. State, 2017 OK CR 7, ¶ 3, 394 P.3d 1281, 1282. To be entitled to relief under the plain error doctrine, Appellant must show an actual error, that is plain or obvious, and that affects his substantial rights. Baird v. State, 2017 OK CR 16, ¶ 25, 400 P.3d 875, 883; Ashton v. State, 2017 OK CR 15, ¶ 34, 400 P.3d 887, 896-97; Levering v. State, 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395; 20 O.S.2011, § 3001.1. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Baird, 2017 OK CR 16, ¶ 25, 400 P.3d at 883; Ashton, 2017 OK CR 15, ¶ 34, 400 P.3d at 896-97; Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923 (quoting Simpson v. State, 1994 OK CR 40, ¶ 30, 876 P.2d 690, 701). Appellant fails to show an actual or obvious error.

¶5 Here, the charged burglary was completed when Appellant and his accomplices opened the front door and entered the occupied duplex with intent to commit assault and battery of the victim inside. The commission of the assault and battery with a deadly weapon was completed when Appellant stabbed the victim in the chest during the fight. It was only after David Morgan was stabbed and the fighting had stopped that the attempted robbery commenced. The record shows a clear separation or break between the stabbing of the victim in the chest, the completion of the fighting and the subsequent robbery attempt. The record thus shows separate and distinct offenses committed in rapid succession and requiring different proof. There is no actual or obvious double punishment error from Appellant's convictions on Counts 1--3. State v. Kistler, 2017 OK CR 24, ¶¶ 2-8, __P.3d__; Davis v. State, 1999 OK CR 48, ¶¶ 10-13, 993 P.2d 124, 126-27; Gregg v. State, 1992 OK CR 82, ¶ 27, 844 P.2d 867, 878; Ziegler v. State, 1980 OK CR 23, ¶¶ 9-10, 610 P.2d 251, 253-54. Proposition I is denied.

II

¶6 The trial court appropriately used the uniform Oklahoma jury instructions defining the crime of assault and battery with a deadly weapon in the written charge. We recently reaffirmed that "[i]ntent to kill is not an element of assault and battery with a deadly weapon. It would be error to instruct jurors otherwise." Tucker v. State, 2016 OK CR 29, ¶ 25, 395 P.3d 1, 8-9 (citing Goree v. State, 2007 OK CR 21, ¶¶ 3, 5, 163 P.3d 583, 584-85) (internal citations omitted). We also unanimously declined in Tucker to reconsider our previous holding from Goree on this issue. Tucker, 2016 OK CR 29, ¶ 25, 395 P.3d at 9. Thus, there is no plain error from the instructions. Id. Proposition II is denied.

III

¶7 This Court reviews a trial court's decision on which instructions are given to a jury, including lesser related instructions, for an abuse of discretion. Simpson v. State, 2010 OK CR 6, ¶ 16, 230 P.3d 888, 897. We require prima facie evidence of the lesser offense to support giving a lesser included instruction. Davis v. State, 2011 OK CR 29, ¶ 101, 268 P.3d 86, 116. "Prima facie evidence of a lesser included offense is that evidence which would allow a jury rationally to find the accused guilty of the lesser offense and acquit him of the greater." Id. Here, prima facie evidence of the lesser related offense of assault and battery with a dangerous weapon was not presented at trial.

¶8 After reviewing the evidence, we do not believe that a rational jury could find that the manner in which Appellant stabbed the victim was with the intent merely to harm or injure. 21 O.S.2011, § 645; Eizember v. State, 2007 OK CR 29, ¶ 118, 164 P.3d 208, 238. The nature and severity of the victim's injury alone shows Appellant wielded the knife in a life-threatening manner. Notably, Appellant did not defend the case by arguing that he stabbed the victim but merely with an intent to injure. There is no affirmative evidence of mere intent to injure from the potentially lethal stab wound Appellant inflicted to the victim's chest. Under these circumstances, the evidence did not support instruction on the lesser related offense of assault and battery with a dangerous weapon. A rational jury could not convict Appellant of assault and battery with a dangerous weapon, and acquit on assault and battery with a deadly weapon, based on this evidence. Proposition III is denied.

IV

¶9 The record shows that the defenses presented by Appellant and his codefendants were not mutually antagonistic. Ochoa v. State, 1998 OK CR 41, ¶ 29, 963 P.2d 583, 595-96 ("Where two defendants have 'mutually antagonistic defenses,' separate trials ought to be held and compelling joinder of trials may result in reversible error."). All three defendants argued they were not guilty of the charged offenses and focused their attack on undermining the credibility of the State's witnesses. The defendants did not engage in any sort of finger-pointing or blame. "The issue is neither whether defendants disagree about facts nor whether one defendant claims the other should bear greater responsibility. Conflicting defenses or cases in which both defendants admit to presence and some participation in the crimes do not require severance[.]" Fowler v. State, 1994 OK CR 27, ¶ 4 n.2, 873 P.2d 1053, 1055 n.2.

¶10 The jury's sentencing recommendation for Quantez Cotton during the first stage of trial also did not warrant severance. Appellant's jury was instructed that the issue of punishment was not before them when guilt was determined either for Appellant or Draquan Cotton. Further, the jury was instructed to consider each defendant's case separately and to consider only the evidence and law applicable to each defendant. "A jury is presumed to follow its instructions." Blueford v. Arkansas, 566 U.S. 599, 606, 132 S. Ct. 2044, 2051, 182 L. Ed. 2d 937 (2012) (quoting Weeks v. Angelone, 528 U.S. 225, 234, 120 S. Ct. 727, 145 L. Ed. 2d 727 (2000)). Further, as discussed below, Appellant was not deprived of the statutory complement of peremptory challenges because the defenses presented at trial by Appellant and his codefendants were not inconsistent. Under the total circumstances presented here, the trial court did not abuse its discretion in denying Appellant's motion to sever. Spears v. State, 1995 OK CR 36, ¶ 47, 900 P.2d 431, 443-44 (reviewing decision on motion to sever for abuse of discretion). Proposition IV is denied.

V

¶11 Appellant did not assert below that inconsistent defenses required that he be given five peremptory challenges separate from his codefendants. He also did not renew his objection to the trial court's ruling when it came time to exercise jointly the five peremptory challenges authorized by 22 O.S.2011, § 655. Instead, Appellant's counsel spoke for all three codefendants and exercised peremptory challenges to remove five prospective jurors and two alternates. Appellant did not, at that time, request additional peremptory challenges. Under these circumstances, Appellant has waived review of this claim for all but plain error.

¶12 Appellant also fails to show actual or obvious error based on the trial court's ruling. Prior to the trial court's ruling, neither Appellant nor his codefendants alleged inconsistent defenses. At best, Appellant offered mere speculation that mutually antagonistic defenses would emerge at trial. The record does not show either that Appellant disagreed with the exercise of peremptory challenges against the five prospective jurors removed by all three defendants jointly or that Appellant would have removed other jurors had he been granted separate peremptory challenges. "It is the burden of the party urging error to present to this Court a sufficient record upon which this Court may determine the issue raised." Boyd v. State, 1987 OK CR 211, ¶ 11, 743 P.2d 674, 676.

¶13 As discussed in Proposition IV, this is not a case where Appellant and his codefendants attempted to exonerate themselves by inculpating each other in the crimes. At most they forced the State to prove its case against all three defendants by challenging the credibility of the state's witnesses and overall theory of the case in light of the evidence. This does not amount to inconsistent defenses warranting separate peremptory challenges under Section 655. See Nickell v. State, 1994 OK CR 73, ¶ 21, 885 P.2d 670, 676; Carter v. State, 1994 OK CR 49, ¶ 16, 879 P.2d 1234, 1243; Fox v. State, 1989 OK CR 51, ¶¶ 20-21, 779 P.2d 562, 568. Based on this record, there was no actual or obvious error with the Court's ruling and, thus, no plain error. Proposition V is denied.

VI

¶14 Appellant argues that testimony from both Dejia Rogers and Officer McGuire concerning Rogers's extrajudicial identification of Appellant at the police department was inadmissible. Appellant did not object to this identification testimony at trial, thus waiving review of all but plain error on appeal. Ochoa, 1998 OK CR 41, ¶ 34, 963 P.2d at 596. Appellant fails to show actual or obvious error.

¶15 What has emerged from our cases over the years is a confusing patchwork of rules and restrictions governing the use of extrajudicial identification evidence. The general rule we have adopted is simple enough: "Evidence of an extrajudicial identification is admissible, not only to corroborate an identification made at the trial, but as independent evidence of identity." Young v. State, 1975 OK CR 25, ¶ 10, 531 P.2d 1403, 1406. We adopted this rule in Hill v. State, 1972 OK CR 209, 500 P.2d 1075 which overruled previous decisions from this Court rejecting such evidence outright as self-serving, immaterial or hearsay. See id., 1972 OK CR 209, ¶¶ 4-7, 500 P.2d at 1077-78 (Simms, J., special concurring opinion). Cf. Cothrum v. State, 1963 OK CR 29, ¶¶ 11-30, 379 P.2d 860, 863-65; Gillespie v. State, 355 P.2d 451, 453-55, 1960 OK CR 67, ¶¶ 4, 6-12 (extrajudicial identification testimony from an identifying witness or third party is inadmissible). The rationale in Hill was that "prior identification of an accused is more reliable than a later courtroom identification for the reason that it is closer to the crime in point of time, thus affording less opportunity for fading or deterioration of the victim's memory or changes in the accused's appearance." Id., 1972 OK CR 209, ¶ 6, 500 P.2d at 1078.

¶16 In adopting this position, we followed the lead of California in People v. Gould, 354 P.2d 865 (Cal. 1960). That case held that extrajudicial identification testimony is available as substantive evidence, regardless of whether the testimonial identification is impeached, because of its greater probative value over in-court identifications; because the witness's failure to repeat the extrajudicial identification does not destroy its value as such may be explained by loss of memory or other circumstances; because of the tendency of extrajudicial identification evidence to connect the defendant with the crime; and because the principal danger of admitting hearsay is eliminated as the identifying witness is available at trial for cross-examination. Hill, 1972 OK CR 209, ¶ 10, 500 P.2d at 1078 (discussing Gould, supra). See Conley v. State, 1983 OK CR 133, ¶¶ 6-7, 669 P.2d 304, 306-07 (victim's testimony concerning her extrajudicial identification of appellant was not hearsay).

¶17 Although Hill represented on the one hand a watershed moment in our jurisprudence for its recognition of the admissibility of extrajudicial identification evidence, we nonetheless restricted the force of this ruling. Specifically, we held that statements of prior identification are admissible only through the testimony of the identifier--and at that only after a correct in-court identification by the identifier--which included testimony regarding the particular day, place and time of the prior identification. We further relegated testimony from third-parties concerning the out-of-court identification "to rebuttal and evidentiary hearing status." Id., 1972 OK CR 209, ¶¶ 8-9, 500 P.2d at 1078 (Simms, J., special concurring opinion).

¶18 We have generally adhered to these limits although with some exceptions pertinent to Appellant's appeal. In Jones v. State, 1985 OK CR 14, 695 P.2d 13 we held that "where a witness incorrectly identifies defendant, evidence of an extra-judicial identification is inadmissible." Id., 1985 OK CR 14, ¶ 16, 695 P.2d at 16. Appellant cites Jones as a basis for relief in this case in light of Rogers's misidentification of Appellant at trial. In Jones however there was no evidence showing the photograph used in the extrajudicial identification was that of the defendant, and thus testimony about the witness's prior identification could not be admitted as independent evidence of identification. Id., 1985 OK CR 25, ¶ 15, 695 P.2d at 16.

¶19 Nine months later, in Elvaker v. State, 1985 OK CR 128, ¶¶ 8-10, 707 P.2d 1205, 1206-07, this Court found no error in a two-step process whereby a witness who could not identify the defendant at trial identified a photograph she had earlier picked from a photographic line-up. A police detective then identified that photograph as the defendant. Id.

¶20 In Scales v. State, 1987 OK CR 100, ¶¶ 6-8, 737 P.2d 950, 952-53, this Court attempted to reconcile Jones and Elvaker. In Scales, two witnesses testified that they had identified the defendant before trial and they then identified him in court. The Court ruled in Scales that evidence of the extrajudicial identification could not be admitted as independent evidence because the witnesses were able to make specific in-court identifications. It also ruled that evidence of the extrajudicial identification could not be admitted as corroborative evidence because neither witness had made an in-court identification at the time evidence of the extrajudicial identification was received. Id.

¶21 What has emerged from our cases is a rule allowing evidence of an extrajudicial identification where the witness fails to make a positive in-court identification, but strictly barring such evidence when the witness incorrectly identifies another as the defendant. Although the probative value of evidence concerning the extrajudicial identification may certainly be tainted or diminished by the in-court identification of a different person, we see no statutory or constitutional reason prohibiting it. Indeed, the continuing vitality of this prohibition is undermined by the Legislature's amendment of Title 12 O.S.2011, § 2801 to state the following:

B. A statement is not hearsay if:

1. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:

* * * *

c. one of identification of a person made after perceiving the person[.]

This provision was enacted in 1991 and remains in force today. In the present case, Rogers testified that she identified three of the intruders at the police station and was able to describe their roles inside the victim's duplex. Under the express terms of Section 2801(B)(1)(c), Rogers's testimony concerning her previous identification at the police department was admissible as substantive evidence. Section 2801(B)(1)(c) does not as a precondition to admissibility require that the witness first correctly identify the defendant at trial. Rather, it requires simply that the identifier testify at the trial or hearing and be subject to cross examination concerning his or her prior statement of identification. In the present case, these preconditions were satisfied.

¶22 We therefore hold that the Elvaker procedure may be used to present evidence of an extrajudicial identification where the witness has made no in-court identification, or where the prosecution seeks to impeach the in-court identification with a prior, inconsistent extrajudicial identification. The holding in Jones is limited to its facts--i.e., where there is no evidence introduced tending to show the photograph which the witness identified out of court is one and the same person as the defendant. Jones is overruled to the extent it is inconsistent with today's decision.

¶23 We therefore find no actual or obvious error with respect to Rogers's testimony concerning her out-of-court identification. Appellant's challenge to Officer McGuire's testimony requires additional analysis. We have repeatedly held--consistent with Hill--that testimony from third parties concerning a witness's extrajudicial identification is inadmissible except as rebuttal or at an evidentiary hearing. E.g., Kamees v. State, 1991 OK CR 91, ¶ 13, 815 P.2d 1204, 1207-08; Maple v. State, 1983 OK CR 52, ¶ 2, 662 P.2d 315, 316. We now find that prohibition too is undermined by Section 2801(B)(1)(c). Officer McGuire's challenged testimony relates Rogers's statement of identification of Appellant made after she perceived Appellant. Additionally, Rogers testified at trial and was subject to cross-examination concerning this statement of identification. Thus, under the express terms of Section 2801(B)(1)(c), Officer McGuire's testimony concerning Rogers's identification of Appellant was also admissible as substantive evidence.

¶24 Section 2801(B)(1)(c) eliminates what historically has been the major concern--i.e., hearsay--relating to admission of extrajudicial identification evidence presented through a third party. See Washington v. State, 1977 OK CR 240, ¶ 41, 568 P.2d 301, 311; Cothrum, 1963 OK CR 29, ¶ 21, 379 P.2d at 865; Gillespie, 1960 OK CR 67, ¶ 6, 355 P.2d at 453. Having previously recognized in Hill that extrajudicial identification testimony is competent and material, it is unclear what if any purpose is served from the continued application of our prohibition against third party testimony relating out-of-court identifications. Section 2801(B)(1)(c) does not require the out-of-court identification to be denied or affirmed by the declarant at trial. Rather, all that is contemplated by this provision is an out-of-court statement of identification and that the declarant be subject to cross-examination concerning the statement. As discussed above, these requirements were satisfied here as Rogers testified at trial and was subject to cross-examination concerning her prior identification of Appellant. See United States v. Owens, 484 U.S. 554, 561-64, 108 S. Ct. 838, 98 L. Ed. 2d 951 (1988).

¶25 Additionally, in 2002, the Legislature amended Title 12 O.S. § 2802 to state: "[H]earsay is not admissible except as otherwise provided by an act of the Legislature." (emphasis added). Previously, Section 2802 read that "Hearsay is not admissible except as provided by law." (emphasis added). Professor Whinery opined in his commentaries on Oklahoma evidence that the Legislature's amendment of Section 2801 was expected to supersede Hill and its progeny but that the Legislature's adoption of the original version of Section 2802 stating that hearsay is not admissible "except as provided by law" allowed our decisional authority to coexist with the statutory revision to Section 2801 relating to identification testimony. 2 Leo Whinery, Oklahoma Evidence, Commentary on the Law of Evidence, § 29.11 (2d. ed. 2000).

¶26 The combined effect of the statutory amendments to Sections 2801 and 2802 is to undermine the limits placed on the admission of extrajudicial identification testimony by this Court in Hill and subsequent decisions. Section 2801(B)(1)(c) makes extrajudicial identification testimony admissible as substantive evidence--both by the identifier and third parties present at the prior identification--so long as the declarant testifies at trial and is subject to cross-examination concerning the statement. Moreover, Section 2802's express command that the Legislature alone defines what is and is not hearsay effectively supersedes this Court's decisions disallowing the admissibility of extrajudicial identification testimony from third parties except upon certain conditions as set forth in our decisional law. In so doing, the Legislature has removed the remaining limits to extrajudicial identification testimony embodied in our case law. To the extent that our previous decisions are inconsistent with today's ruling, they are expressly overruled.[3] Thus, under these circumstances, we find no actual or obvious error from the admission of Officer McGuire's testimony.

¶27 To summarize, extrajudicial identification evidence remains competent and material in the trial of a criminal case for the reasons discussed in Hill and the cases applying it. Title 12 O.S.2011, §§ 2801 and 2802 authorizes the admission of extrajudicial identification testimony from both an identifying witness and third parties as substantive evidence where the identifying witness testifies at trial and is subject to cross-examination concerning the statement of identification. This is so regardless of whether the identifying witness correctly identifies, misidentifies or fails to identify the defendant at trial or whether the identifying witness denies or affirms her out-of-court identification. So long as the requirements of Section 2801 are met, a police officer (or some other third party) may testify about a prior statement of identification made by a witness identifying the defendant and the trier of fact may consider that testimony as substantive evidence of identity. Sections 2801 and 2802 supersede the restrictions placed on the admission of out-of-court statements of identification by Hill and its progeny.

¶28 Finally, we reject Appellant's related claim on appeal that the show-up procedure used by Norman Police in this case was both suggestive and unnecessary. We have approved of show-up procedures similar to that used in the present case. Harrolle v. State, 1988 OK CR 223, ¶ 7, 763 P.2d 126, 128. Accordingly, the admission of the extrajudicial identification testimony in this case was not actual or obvious error. There is no plain error. Proposition VI is denied.

VII

¶29 "Instructions are sufficient where they state the applicable law." Mitchell v. State, 2016 OK CR 21, ¶ 24, 387 P.3d 934, 943. In the present case, Appellant's failure to request an instruction on the hazards of eyewitness testimony or object to the instructions given waives review on appeal for all but plain error. Id. No actual or obvious error occurred here. Waller v. State, 1986 OK CR 83, ¶ 3, 720 P.2d 338, 339 (cautionary instruction on eyewitness identification is not required in the absence of a defense request); Dyke v. State, 1986 OK CR 44, ¶ 19, 716 P.2d 693, 698-99 (same). Further, the jury was instructed, inter alia, that they were to assess the credibility of witnesses in light of the witnesses' ability to remember and relate past occurrences and the witnesses' means of observation and opportunity of knowing the matter to which they testified. This was sufficient to cover the eyewitness testimony under the facts of this case and the record presented to us. Ashinsky v. State, 1989 OK CR 59, ¶ 17, 780 P.2d 201, 206; Leigh v. State, 1985 OK CR 41, ¶ 11, 698 P.2d 936, 938. Thus, there is no actual or obvious error arising from the omission of this instruction and no plain error. Proposition VII is denied.

VIII

¶30 To prevail on an ineffective assistance of counsel claim, Appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). See Harrington v. Richter, 562 U.S. 86, 104, 131 S. Ct. 770, 787-88, 178 L. Ed. 2d 624 (2011) (discussing Strickland two-part test). Appellant fails to show prejudice with any of his ineffectiveness claims which are based on trial counsel's failure to preserve various errors now raised on appeal.

¶31 In Proposition I, we found that Appellant's convictions on Counts 1, 2 and 3 did not arise from a single act made criminal in different ways and thus there is no double punishment violation. In Proposition II, we applied our prior decisions and reaffirmed that assault and battery with a deadly weapon does not have an intent-to-kill element. In Proposition V, we held that Appellant was not entitled under 22 O.S.2011, § 655 to separate peremptory challenges. In Proposition VI, we rejected Appellant's challenge to the admission of testimony concerning Dejia Rogers's extrajudicial identification testimony. Based upon our rejection of the underlying claims of error for each instance of ineffectiveness now alleged, Proposition VIII lacks merit and is denied.

IX

¶32 Under the total circumstances, Appellant's sentence is not so excessive as to shock the conscience of the Court. Duclos v. State, 2017 OK CR 8, ¶ 19, 400 P.3d 781, 786. To the extent Appellant attempts to raise a freestanding Eighth Amendment claim with his citation to Solem v. Helm, 463 U.S. 277, 292, 103 S. Ct. 3001, 3010, 77 L. Ed. 2d 637 (1983) and his passing statement that "[t]he Eighth Amendment prohibits not only barbaric punishment but also disproportionate punishments[,]" Aplt. Br. at. 49, this claim is so inadequately developed on appeal as to be waived from our review. Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2017) (requiring argument in support of a proposition of error supported by citations to the authorities, statutes and parts of the record). Proposition IX is denied.

X

¶33 We deny relief for Appellant's claim of cumulative error. Mitchell v. State, 2016 OK CR 21, ¶ 32, 387 P.3d 934, 946. Proposition X is denied.

DECISION

¶34 The Judgment and Sentence of the District Court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF CLEVELAND COUNTY
THE HONORABLE TRACY SCHUMACHER, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 JAMES RADFORD
 RAVEN SEALY
 P. O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL
 
 JAMIE D. PYBAS
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 

 
 
 
 JENNIFER AUSTIN
 CHRISTY MILLER
 ASSISTANT DISTRICT ATTORNEYS
 201 SOUTH JONES
 NORMAN, OK 73069
 COUNSEL FOR THE STATE
 
 
 E. SCOTT PRUITT
 OKLAHOMA ATTORNEY GENERAL
 ROBERT WHITTAKER
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 
 
  
 
 
  
 
 
 

OPINION BY: HUDSON, J.
LUMPKIN, P.J.: CONCUR 
LEWIS, V.P.J.: CONCUR IN RESULTS
KUEHN, J.: CONCUR 
ROWLAND, J.: CONCUR

FOOTNOTES

[1] Davis was tried jointly with codefendants Draquan Cotton and Quantez Cotton. Draquan Cotton was convicted of Count 1: Attempted Robbery with a Weapon, After Two Prior Felony Convictions, and was sentenced to twenty-five (25) years imprisonment. Quantez Cotton was convicted of Count 1: Attempted Robbery with a Weapon; Count 2: Assault and Battery with a Deadly Weapon; and Count 3: Burglary in the First Degree. He was sentenced to five (5) years imprisonment on Count 1; seven (7) years imprisonment on Count 2; and seven (7) years imprisonment on Count 3. We affirmed Draquan's judgment and sentence on direct appeal. See Cotton v. State, No. F-2016-193, slip op. (Okl.Cr. Jan. 18, 2018) (unpublished). At Quantez's request, we dismissed his direct appeal. Cotton v. State, No. F-2016-601, Order Dismissing Appeal (Okl.Cr. Mar. 3, 2017) (unpublished).

[2] Davis must serve 85% of the sentences imposed for Counts 2 and 3 before he is eligible for parole. 21 O.S.2011, § 13.1.

[3] See Myers v. State, 2006 OK CR 12, ¶ 28, 133 P.3d 312, 324; Ochoa v. State, 1998 OK CR 41, ¶ 34, 963 P.2d 583, 596-97; Kamees v. State, 1991 OK CR 91, ¶ 13, 815 P.2d 1204, 1207; Trim v. State, 1991 OK CR 37, ¶ 7, 808 P.2d 697, 698-99; Allen v. State, 1989 OK CR 79, ¶ 14, 783 P.2d 494, 498; Maxwell v. State, 1989 OK CR 22, ¶¶ 5-6, 775 P.2d 818, 819-20; J.A.M. v. State, 1988 OK CR 10, ¶ 9, 749 P.2d 116, 119; Elix v. State, 1987 OK CR 204, ¶ 12, 743 P.2d 669, 672; Lahey v. State, 1987 OK CR 188, ¶¶ 24-26, 742 P.2d 581, 584-85; Miles v. State, 1987 OK CR 169, ¶ 12, 741 P.2d 877, 879; Scales v. State, 1987 OK CR 100, ¶¶ 7-8, 737 P.2d 950, 952-53; Ross v. State, 1987 OK CR 48, ¶ 8, 734 P.2d 321, 323; Coulter v. State, 1987 OK CR 37, ¶ 7, 734 P.2d 295, 298; Bradley v. State, 1985 OK CR 149, ¶ 7, 715 P.2d 78, 80; Christian v. State, 1985 OK CR 137, ¶ 5, 708 P.2d 1133, 1133-34; Elvaker v. State, 1985 OK CR 128, ¶ 10, 707 P.2d 1205, 1207; Aycox v. State, 1985 OK CR 83, ¶ 5, 702 P.2d 1057, 1058; Jones v. State, 1985 OK CR 14, ¶ 16, 695 P.2d 13, 16; Brownfield v. State, 1983 OK CR 125, ¶ 11, 668 P.2d 1165, 1168; Maple v. State, 1983 OK CR 52, ¶ 2, 662 P.2d 315, 316; Godwin v. State, 1981 OK CR 23, ¶¶ 7-9, 625 P.2d 1262, 1264-65; Mintz v. State, 1979 OK CR 32, ¶¶ 6-8, 593 P.2d 1093, 1095; Martinez v. State, 1977 OK CR 291, ¶ 16, 569 P.2d 497, 500; Washington v. State, 1977 OK CR 240, ¶¶ 39, 41, 568 P.2d 301, 311; Towning v. State, 1974 OK CR 67, ¶¶ 6-7, 521 P.2d 415, 417.

LEWIS, VICE PRESIDING JUDGE, CONCURRING IN RESULTS:

¶1 I commend my colleague on his well-written opinion, particularly his scholarly review of Proposition VI on the issue of extrajudicial identification. Stare decisis requires that I join the opinion. However, as I expressed in my dissent in Goree v. State, 2007 OK CR 21, 163 P.3d 583, the Court's decision that there is no intent element required for the charge of assault and battery with a deadly weapon is fundamentally flawed. I continue to adhere to that view.

 

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 10, 749 P.2d 116, J.A.M. v. STATE
Discussed
 1988 OK CR 223, 763 P.2d 126, HARROLLE v. STATE
Discussed
 1989 OK CR 22, 775 P.2d 818, MAXWELL v. STATE
Discussed
 1989 OK CR 51, 779 P.2d 562, FOX v. STATE
Discussed
 1989 OK CR 59, 780 P.2d 201, ASHINSKY v. STATE
Discussed
 1989 OK CR 79, 783 P.2d 494, ALLEN v. STATE
Discussed
 1991 OK CR 37, 808 P.2d 697, TRIM v. STATE
Discussed
 1991 OK CR 91, 815 P.2d 1204, KAMEES v. STATE
Discussed at Length
 1992 OK CR 82, 844 P.2d 867, GREGG v. STATE
Discussed
 1994 OK CR 27, 873 P.2d 1053, FOWLER v. STATE
Discussed
 1994 OK CR 40, 876 P.2d 690, SIMPSON v. STATE
Discussed
 1994 OK CR 49, 879 P.2d 1234, CARTER v. STATE
Discussed
 1994 OK CR 73, 885 P.2d 670, NICKELL v. STATE
Discussed
 1995 OK CR 36, 900 P.2d 431, SPEARS v. STATE
Discussed
 1977 OK CR 240, 568 P.2d 301, WASHINGTON v. STATE
Discussed at Length
 1977 OK CR 291, 569 P.2d 497, MARTINEZ v. STATE
Discussed
 1979 OK CR 32, 593 P.2d 1093, MINTZ v. STATE
Discussed
 1974 OK CR 67, 521 P.2d 415, TOWNING v. STATE
Discussed
 1975 OK CR 25, 531 P.2d 1403, YOUNG v. STATE
Discussed
 2006 OK CR 12, 133 P.3d 312, MYERS v. STATE
Discussed
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 2007 OK CR 21, 163 P.3d 583, GOREE v. STATE
Discussed at Length
 2007 OK CR 29, 164 P.3d 208, EIZEMBER v. STATE
Discussed
 2010 OK CR 6, 230 P.3d 888, SIMPSON v. STATE
Discussed
 2011 OK CR 29, 268 P.3d 86, DAVIS v. STATE
Discussed
 2013 OK CR 19, 315 P.3d 392, LEVERING v. STATE
Discussed
 2016 OK CR 21, 387 P.3d 934, MITCHELL v. STATE
Discussed at Length
 2016 OK CR 29, 395 P.3d 1, TUCKER v. STATE
Discussed at Length
 2017 OK CR 7, 394 P.3d 1281, ROUSCH v. STATE
Discussed
 2017 OK CR 8, 400 P.3d 781, DUCLOS v. STATE
Discussed
 2017 OK CR 15, 400 P.3d 887, ASHTON v. STATE
Discussed at Length
 2017 OK CR 16, 400 P.3d 875, BAIRD v. STATE
Discussed at Length
 1999 OK CR 48, 993 P.2d 124, Davis v. State
Discussed
 1960 OK CR 67, 355 P.2d 451, GILLESPIE v. STATE
Discussed at Length
 1980 OK CR 23, 610 P.2d 251, ZIEGLER v. STATE
Discussed
 1963 OK CR 29, 379 P.2d 860, COTHRUM v. STATE
Discussed at Length
 1981 OK CR 23, 625 P.2d 1262, GODWIN v. STATE
Discussed
 1983 OK CR 52, 662 P.2d 315, MAPLE v. STATE
Discussed at Length
 1972 OK CR 209, 500 P.2d 1075, HILL v. STATE
Discussed at Length
 1983 OK CR 125, 668 P.2d 1165, BROWNFIELD v. STATE
Discussed
 1983 OK CR 133, 669 P.2d 304, CONLEY v. STATE
Discussed
 1998 OK CR 41, 963 P.2d 583, 69 OBJ 2672, Ochoa v. State
Discussed at Length
 1985 OK CR 14, 695 P.2d 13, JONES v. STATE
Discussed at Length
 1985 OK CR 25, 695 P.2d 1364, PERKINS v. STATE
Cited
 1985 OK CR 41, 698 P.2d 936, LEIGH v. STATE
Discussed
 1985 OK CR 83, 702 P.2d 1057, AYCOX v. STATE
Discussed
 1985 OK CR 128, 707 P.2d 1205, ELVAKER v. STATE
Discussed at Length
 1985 OK CR 137, 708 P.2d 1133, CHRISTIAN v. STATE
Discussed
 1985 OK CR 149, 715 P.2d 78, BRADLEY v. STATE
Discussed
 1986 OK CR 44, 716 P.2d 693, DYKE v. STATE
Discussed
 1986 OK CR 83, 720 P.2d 338, WALLER v. STATE
Discussed
 1987 OK CR 37, 734 P.2d 295, COULTER v. STATE
Discussed
 1987 OK CR 48, 734 P.2d 321, ROSS v. STATE
Discussed
 1987 OK CR 100, 737 P.2d 950, SCALES v. STATE
Discussed at Length
 1987 OK CR 169, 741 P.2d 877, MILES v. STATE
Discussed
 1987 OK CR 188, 742 P.2d 581, LAHEY v. STATE
Discussed
 1987 OK CR 204, 743 P.2d 669, ELIX v. STATE
Discussed
 1987 OK CR 211, 743 P.2d 674, BOYD v. STATE
Discussed
 2017 OK CR 24, STATE v. KISTLER
Cited
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2801, Definitions
Discussed
 12 O.S. 2802, Hearsay Rule
Cited
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 11, Specific Statutes in Other Chapters as Governing - Acts Punishable in Different Ways
Cited
 21 O.S. 645, Assault, Battery, or Assault and Battery with Dangerous Weapon
Cited
 21 O.S. 652, Shooting with Intent to Kill - Assault and Battery with Deadly Weapon, etc.
Cited
 21 O.S. 801, Robbery or Attempted Robbery with Dangerous Weapon or Imitation Firearm - Punishment
Cited
 21 O.S. 1431, Burglary in First Degree
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 439, Relief from Prejudicial Joinder
Cited
 22 O.S. 655, Peremptory Challenges - Number Allowed
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA